CRAY v GENERAL MOTORS CORPORATION
ROY v GENERAL MOTORS CORPORATION
ZIMMERMAN v GENERAL MOTORS CORPORATION
BUTLER v GENERAL MOTORS CORPORATION

1. Courts—Forum Non Conveniens—Statutes.
   There are no statutes authorizing use of the *forum non conveniens* doctrine in Michigan.

2. Courts—Jurisdiction—Forum Non Conveniens.
   The principle of *forum non conveniens* establishes the right of a court to resist imposition upon its jurisdiction although such jurisdiction could properly be invoked; it presupposes that there are at least two possible choices of forum.

3. Courts—Jurisdiction—Forum Non Conveniens—Private Interests—Public Interests—Witnesses—Proof—Judgment.
   A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in cases where the doctrine of *forum non conveniens* has been raised should include: the private interest of the litigant in (1) availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses, (2) ease of access to sources of proof, (3) distance from the situs of the accident or incident which gave rise to the litigation, (4) enforcibility of any judgment obtained, (5) possible harrassment of either party, (6) other practical problems which contribute to the ease, expense and expedition of the trial, and (7) possibility of viewing the premises; matters of public interest in (1) administrative difficulties which may arise in an area which may not be present in the area of origin, (2) consideration of the state law which must govern the case, and (3) people who are concerned by the proceeding; and reasonable promptness in raising the plea of *forum non conveniens*.

4. Courts—Jurisdiction—Fair Trial.
   Courts are charged to consider the plaintiff's choice of forum and

to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state.

5. COURTS—JURISDICTION—FORUM NON CONVENIENS—DISCRETION.

Doctrine of *forum non conveniens* is applicable in Michigan and it is within the discretion of the trial judge to decline jurisdiction in such cases as the convenience of the parties and the ends of justice dictate.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ., denying application for leave to appeal from Wayne, James Montante, J. Submitted March 6, 1973. (No. 1 March Term 1973, Docket No. 54,077.) Decided May 30, 1973. Rehearing denied July 26, 1973.

Complaint by Basil Cray and Elaine Cray against General Motors Corporation for damages for injuries sustained from an explosion of an automobile battery. Motion by defendant to decline jurisdiction and dismiss complaint. Motion denied. Defendant's application for leave to appeal to the Court of Appeals denied. Defendant appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin [Ross L. Malone, Robert H. Fredericks, II, Thomas W. Watkins* and *Francis Dunn,* of counsel]), for defendant.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ., denying application for leave to appeal from Wayne, Blair Moody, Jr., J. Submitted March 6, 1973. (No. 2 March Term 1973, Docket No. 54,078.) Decided May 30, 1973. Rehearing denied July 26, 1973.

Complaint by Alice Roy, individually and as administratrix of the estate of William George Roy, Jr., deceased, against General Motors Corporation and Firestone Tire & Rubber Co for damages for injuries sustained when an automobile rolled over. Motion by General Motors Corporation to decline jurisdiction and dismiss complaint. Motion denied. General Motors' application for leave to appeal to the Court of Appeals denied. General Motors appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin [Ross L. Malone, Robert H. Fredericks, II, Thomas W. Watkins* and *Francis Dunn,* of counsel]), for defendant General Motors Corporation.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ., denying application for leave to appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted March 6, 1973. (No. 3 March Term 1973, Docket No. 54,079.) Decided May 30, 1973. Rehearing denied July 26, 1973.

Complaint by Beatrice Zimmerman against General Motors Corporation for damages for injuries sustained when an automobile rolled over. Motion by defendant to decline jurisdiction and dismiss complaint. Motion denied. Defendant's application for leave to appeal to the Court of Appeals denied. Defendant appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette*

*A. Paskin [Ross L. Malone, Robert H. Fredericks, II, Thomas W. Watkins* and *Francis Dunn,* of counsel]), for defendant.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ., denying application for leave to appeal from Wayne, Roland L. Olzark, J. Submitted March 6, 1973. (No. 4 March Term 1973, Docket No. 54,081.) Decided May 30, 1973. Rehearing denied July 26, 1973.

Complaint by Patricia Butler, individually, and as next friend of Tammy Butler, a minor, against General Motors Corporation, Premium Service Corporation, Dennis Mitchell Industries, and Gold Bond Stamp Company of Minnesota for damages for injuries sustained in an automobile collision. Motion by General Motors Corporation to decline jurisdiction. Motion denied. General Motors' application for leave to appeal to the Court of Appeals denied. General Motors appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Robert V. Seymour [Ross L. Malone, Robert H. Fredericks, II, Thomas W. Watkins* and *Francis Dunn,* of counsel]), for defendant General Motors Corporation.

M. S. COLEMAN, J. The four entitled matters before this Court are combined herein because of the common denominator of issues involved. The facts in each matter will be briefly stated.

In the *Cray* case, plaintiff Basil Cray was injured when the battery in his brother's 1966 Buick exploded in Brewer Lake, Maine on January 31,

1969. The Delco-Remey battery was being used to start another vehicle by the use of jumper cables. The Buick was owned by a Maine resident who had bought it from a used car dealer in Maine. Plaintiffs and all witnesses to the incident are Maine residents. Defendant's Delco-Remey Division is located in Anderson, Indiana, and has no plant in Michigan. Suit was filed on October 27, 1970 in Wayne County Circuit Court, the site of the principal place of business of the defendant. After the filing of and responding to interrogatories and after other procedural moves, the defendant filed a motion on May 10, 1971 praying that the court decline jurisdiction. The trial judge denied the motion and the defendant thereafter requested review by the Court of Appeals. The application was denied on March 31, 1972. On June 13, 1972, this Court granted defendant's application for leave to appeal.

In the *Butler* case, the minor plaintiff was injured in an automobile accident in Georgia on May 15, 1968. At the time, the child was a passenger in a 1962 Chevy II, manufactured by General Motors. The child was seated in a baby car seat purchased in Georgia and manufactured by Dennis Mitchell Industries, which seat was sold and distributed by defendants Premium Service Corporation and Gold Stamp Company of Minnesota. The plaintiff and all witnesses to the incident reside in Georgia. On July 16, 1971, the plaintiff brought suit against defendants in the Wayne County Circuit Court and on September 7, 1971, defendant General Motors filed a motion requesting that the court decline jurisdiction. The motion was denied. General Motors' application for leave to appeal to the Court of Appeals subsequently was denied. Application for leave to appeal was granted in this Court on June 13, 1972.

Again, in the *Zimmerman* case the plaintiff and witnesses of the incident are nonresidents. Plaintiff's husband, a resident of Montana (as is the plaintiff), was driving a 1961 Chevrolet Corvair on April 4, 1968, when he had an accident in which the plaintiff was seriously injured. The accident occurred in Great Falls, Montana. The automobile was purchased in Montana as a used car. A complaint was filed in the Wayne County Circuit Court on March 25, 1971 and a motion to decline jurisdiction was filed on May 20, 1971. The motion was denied on September 14; 1971. A motion for a rehearing of the matter was filed on November 1, 1971, and the motion was denied. Application for leave to appeal to the Court of Appeals was filed on March 6, 1972, and denied on March 31, 1972. Application for leave to appeal was filed in this Court on April 20, 1972, and granted on June 13, 1972.

The *Roy* case presents a similar situation. The plaintiff administratrix, a Kentucky resident, sued General Motors Corporation and Firestone Tire and Rubber Company (principal place of business in Ohio), alleging that on April 5, 1970, decedent was killed in Kentucky while operating a 1970 Chevrolet Malibu which General Motors Corporation designed, equipped and sold. It was purchased in Kentucky. The automobile was equipped with Firestone F 70 wide oval tires which were manufactured, designed and sold by defendant Firestone Tire and Rubber Company. An action involving the same accident is presently pending in the Marshall County Circuit Court in Kentucky. Action was brought in the Wayne County Circuit Court on March 31, 1971 and the defendant General Motors again filed a motion to decline jurisdiction and the motion was denied. The trial court

certified on March 6, 1972 that a controlling question of law is involved and on that date defendant filed an application for leave to appeal to the Court of Appeals. The application was denied on April 3, 1972. On June 13, 1972, this Court granted the defendant's application for leave to appeal.

The controlling issues are:

1. May Michigan circuit courts decline jurisdiction of a case by applying the doctrine of *forum non conveniens?*

2. If so, what criteria should be included in making such a determination?

In each of these cases, the location of the incident precipitating legal action was in a state other than Michigan. All witnesses to the initial incidents are subject to subpoena by their respective states of residence but not by the State of Michigan. Defendant General Motors Corporation, however, is amenable to process in each of the various states in which the accidents occurred.

The various plaintiffs contend that the principal place of business of General Motors Corporation is in Detroit, in Wayne County, Michigan. The need for extensive pretrial discovery requires the case to be heard there in order that the plaintiffs have access to the experts and materials available in that state. They claim that, essentially, the alleged negligent acts took place in Michigan which is also said to be the residence of at least some of the experts.

The defendant General Motors Corporation counters by the facts that all of the automobiles were bought by persons in their own states of residence and that all witnesses to the incidents also are residents of those respective states where the accidents allegedly occurred. None of the wit-

nesses are subject to subpoena by Michigan courts, while the said defendant, with its documents and experts is amenable to service in each of the states concerned. It pleads great inconvenience and the probability of a failure to receive a fair trial if all witnesses to the accidents were deposed or unavailable. It emphasizes the need for "live" witnesses. It also points to the already crowded dockets of the Wayne County courts.

The questions raised are ones of first impression. There are no statutes authorizing use of the *forum non conveniens* doctrine in Michigan.

Only one Michigan case has been cited by the parties. In *Cofrode v Circuit Judge,* 79 Mich 332 (1890), neither plaintiffs nor defendants were Michigan residents. The controversy was over the contract to build a railroad in the Upper Peninsula. Both sides had voluntarily placed themselves under the court's jurisdiction. The court did have proper subject matter jurisdiction. The circuit judge dismissed the action citing a crowded civil docket, possible length of trial, expense to the county and generally on grounds of administration of public justice and consideration for the public welfare.

This Court granted a petition for mandamus directing the lower court to entertain the action. The Court was concerned with a possible violation of the privilege and immunities clause of art IV, § 2 of the United States Constitution, a concern eliminated by later decisions. The Court thus held at p 343:

"No court or judge has a lawful right to deny to suitors the privilege of bringing and prosecuting their suits, upon the ground that to entertain them will entail expense upon the county. The parties were rightfully before the circuit court for the county of Wayne. The

court had full jurisdiction of the parties and the subject matter, and the circuit judge was in error in holding that the court had no jurisdiction, or that it had a discretion whether to entertain the suit or not."

A five-man majority in *Gulf Oil Corp v Gilbert,* 330 US 501; 67 S Ct 839; 91 L Ed 1055 (1947) decided that a district court had the inherent power to dismiss a case by use of *forum non conveniens.* Plaintiff owned a warehouse in Virginia, destruction of which was caused by defendant's alleged negligence. Suit was brought in New York. Defendant was a Pennsylvania corporation doing business in New York and Virginia and amenable to service of process in both jurisdictions.

The Court, speaking through Justice Jackson said the "principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." (p 507.)

Turning to the case before it, the Court said that New York had no connection with the case other than being the residence of expert witnesses. The site of the incident was 400 miles from the court and the litigants could not compel witnesses to attend and thus would have to try the case by deposition, "a condition not satisfactory to court, jury or most litigants." (p 511.) After a thorough review, the Court was "convinced that the District Court did not exceed its powers or the bounds of its discretion in dismissing plaintiff's complaint and remitting him to the courts of his own community." (p 512.)

A companion case to *Gulf Oil* is *Koster v (American) Lumbermens Mutual Casualty Co,* 330 US 518; 67 S Ct 828; 91 L Ed 1067 (1947) where a derivative action was brought in New York

against an Illinois corporation and citizen. Defendant's principal place of business was Illinois. All directors lived there, all records were kept there, all witnesses lived there and Illinois law would play a substantial role in the case.

The Court undertook a lengthy discussion of both the *forum non conveniens* doctrine and the theory of derivative actions. It was said, "the ultimate inquiry is where trial will best serve the convenience of the parties in the end of justice." (p 527.) The majority then said at 531–532:

"We hold only that a district court, in a derivative action, may refuse to exercise its jurisdiction when a defendant shows much harassment and plaintiff's response not only discloses so little countervailing benefit to himself in the choice of forum as it does here, but indicates such disadvantage as to support the inference that the forum he chose would not ordinarily be thought a suitable one to decide the controversy."

The growth of *forum non conveniens* philosophy in Federal cases is reflected by 62 Stat 937 (1948), 28 USCA 1404(a), which reads:

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This was not a mere codification of *forum non conveniens* where the final result is dismissal. 1404(a) permits the judge to exercise a much broader discretion. See *Norwood v Kirkpatrick,* 349 US 29; 75 S Ct 544; 99 L Ed 789 (1955).

In their book on *Federal Practice and Procedure,* Barron and Holtzoff said *forum non conveniens* "was designed as an instrument of justice to avoid the unfairness, vexatiousness and oppressiveness of a trial away from the domicile of a defendant."

(p 443.) The basic standards are said to be "convenience, efficiency and justice." Moore and Fink in *Moore's Federal Practice* indicate *forum non conveniens* is applied when trial would be "unduly burdensome upon the defendant".

As defendant indicates, 21 states currently recognize *forum non conveniens.* One of the most frequently cited cases is *Gore v United States Steel Corp,* 15 NJ 301; 104 A2d 670 (1954). This cause of action arose in Alabama where plaintiff resided, where defendant was amenable to service of process and where the witnesses resided. The applicable law was that of Alabama. The Court recognized the great expense entailed in having trial in New Jersey. After an extended discussion of *forum non conveniens,* the Court said at p 311:

"It is only in those exceptional cases where a weighing of all the many relevant factors, of which residence is but a part, decisively establishes that there is available another forum where trial will best serve the convenience of the parties and the ends of justice, that the doctrine is ever invoked."

The Court ultimately decided to apply *forum non conveniens* because the factors "point decisively to trial in Alabama where a local judge and jury would be best suited to pass on the local incident and controversy presented." (p 312.)

In *Price v Atchison, T & S F R Co,* 42 Cal 2d 577; 268 P2d 457 (1954), suit was brought in Los Angeles by a New Mexico resident. Defendant was a Kansas corporation doing business in both places. All witnesses resided in New Mexico. The Court relied upon *Gilbert* and, saying the doctrine was an equitable one, held at pp 583–584:

"[W]e are of the view that the injustices and the burdens on local courts and taxpayers as well as on those

leaving their work and businesses to serve as jurors which can follow from an unchecked and unregulated importation of transitory causes of action for trial in this state * * * require that our courts * * * exercise their discretionary power to decline to proceed in those causes of action which they conclude on satisfactory evidence may be more appropriately and justly tried elsewhere * * * ."

In *Plum v Tampax, Inc.* 402 Pa 616; 168 A2d 315 (1961), a foreign citizen brought suit against a United States corporation for violation of a contract. Ordinarily the plaintiff controls selection of a forum unless, as here, it "is a manifestly inappropriate one and if an alternative appropriate forum is available' to the plaintiff." (p 618.) Each case was said to turn on its particular facts and the discretion of the trial judge.

*Gonzales v Atchison, T & S F R Co,* 189 Kan 689; 371 P2d 193 (1962), was a suit for wrongful death of a Colorado resident arising from an accident in Colorado. Decedent's administrator was a Colorado resident. In dismissing the action, the Kansas Court said it is an "inherent power" of a trial court to dismiss on grounds of *forum non conveniens* and is part of the state's common law. The power should be exercised "only in exceptional circumstances" when an "adequate showing" has been made. (p 696.)

The Tennessee Court in *Zurich v Inman,* 221 Tenn 393; 426 SW2d 767 (1968) did not apply *forum non conveniens* despite these facts: cause of action arose in Georgia, plaintiff and defendant were non-residents, Georgia law would apply and the witnesses lived in Georgia. Acknowledging that courts have "inherent authority to apply the doctrine" (p 402), the Court did not see evidence of inconvenience warranting dismissal. The witnesses would only have to travel 10 to 20 miles and the

Tennessee courts were said to be capable of applying Georgia law.[1]

In *Giseburt v Chicago, B & Q R Co,* 45 Ill App 2d 262; 195 NE2d 746 (1964), however, jurisdiction was denied. Plaintiff was a Missouri resident and the cause of action arose in Missouri, 350 miles from where suit was brought in Illinois. All witnesses were from Missouri. Missouri law was applicable. Plaintiff had no reason for bringing suit in Illinois other than to receive benefits of favorable jury instructions. The Court held there was no nexus between the litigation and the forum chosen sufficient to warrant jurisdiction.

A recent decision is *Silver v Great American Life Insurance Co,* 29 NY2d 356; 278 NE2d 619; 328 NYS2d 398 (1972). Plaintiff was a Hawaii resident and defendant was a New York corporation. In an opinion by Chief Judge Fuld, the New York Court overruled precedent holding a trial court could not refuse jurisdiction if either plaintiff or defendant were a New York resident. In the opinion the following was said concerning *forum non conveniens* at p 361:

"The doctrine rests in large part on considerations of 'public policy' * * * and * * * our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York. The question * * * 'is one * * * which is in general committed to the discretion of the courts below, to be exercised by reviewing and evaluating all the pertinent competing considerations.' "

Residency became one factor to be considered but was no longer a controlling factor.[2]

---

[1] Also see *Cotton v Louisville & N R Co,* 14 Ill 2d 144; 152 NE2d 385 (1958).

[2] The Restatement 2d Conflict of Laws, § 84, elaborates under the heading of *forum non conveniens:*

The principle of *forum non conveniens* establishes the right of a court to resist imposition upon its jurisdiction although such jurisdiction could properly be invoked. It presupposes that there are at least two possible choices of forum.

In this era of proliferation of litigation bearing upon almost all facets of our personal, governmental and business communities, the site of the litigation may well go to the heart of justice itself. In some cases, there also may be a question as to the enforcibility of a judgment, once obtained. But states do not have the advantage given to the Federal courts whereby such cases can be transferred to other states as an administrative matter.

It is therefore the opinion of this Court that the doctrine of *forum non conveniens* should apply in Michigan and that its application should lie within the discretion of the trial judge. The following criteria are suggested by precedent and specifically from the cases cited herein, although as stated in *Gulf Oil Corp v Gilbert, supra,* "Wisely it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which the plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses." (p 508.)

A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in such cases should include:

"A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff."

In the commentary, the most important rules are said to be honoring plaintiff's choice except in unusual circumstances and never dismissing an action if there is no alternative forum. Appropriate forums are the site of the incident, a corporation's state of incorporation or principal place of business and the state of plaintiff's domicile.

1. The private interest of the litigant.

a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

b. Ease of access to sources of proof;

c. Distance from the situs of the accident or incident which gave rise to the litigation;

d. Enforcibility of any judgment obtained;

e. Possible harrassment of either party;

f. Other practical problems which contribute to the ease, expense and expedition of the trial;

g. Possibility of viewing the premises.

2. Matters of public interest.

a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

b. Consideration of the state law which must govern the case;

c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of *forum non conveniens.*

The courts are charged to consider the plaintiff's choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state.

In summary, this Court finds that the doctrine of *forum non conveniens* is applicable in Michigan and that it is within the discretion of the trial judge to decline jurisdiction in such cases as the convenience of the parties and the ends of justice dictate.

It appearing that the orders of the trial judges denying the motions to decline jurisdiction were

not in abuse of their discretion in the matter, the orders are affirmed.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with M. S. COLEMAN, J.