## HAPNER v ROLF BRAUCHLI, INC.

1. COURTS—JURISDICTION—LIMITED PERSONAL JURISDICTION—FOREIGN CORPORATIONS—ACTION FOR TORTS—STATUTES.

    The doing or causing any act to be done or consequences to occur in the state resulting in an action for tort is one basis whereby Michigan courts may exercise limited personal jurisdiction over a foreign corporation (MCLA 600.715; MSA 27A.715).

2. COURTS—JURISDICTION—LIMITED PERSONAL JURISDICTION—LEGISLATIVE INTENT—STATUTES.

    The Michigan long-arm statute indicates the Legislature's intent to expand limited personal jurisdiction to its full potential (MCLA 600.715; MSA 27A.715).

3. COURTS—JURISDICTION—LIMITED PERSONAL JURISDICTION—FOREIGN CORPORATIONS—DUE PROCESS—CONTRACTS WITH STATE.

    Due process considerations, in determining that a state court may exercise limited personal jurisdiction over a foreign corporation, require sufficient contacts or ties with the forum state to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligation which the foreign corporation has incurred within the state.

4. COURTS—JURISDICTION—PRODUCTS LIABILITY—FOREIGN CORPORATIONS.

    Requiring a manufacturer to defend an action for damages for injuries allegedly caused by its product in the state where the injury occurred and where the presence of its product could be expected does not violate the concept of fair play and substantial justice.

5. COURTS—JURISDICTION—APPEAL AND ERROR—FORUM NON CONVENIENS.

    Remand of a case wherein a lower court refused to exercise

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 20 Am Jur 2d, Courts §§ 118-121, 143-146.
[4] 20 Am Jur 2d, Courts § 146.
[5] 20 Am Jur 2d, Courts §§ 172-176.

limited personal jurisdiction over a foreign corporation does not preclude consideration, on remand, of the doctrine of *forum non conveniens,* where the facts are such that the interests of the defendant may be prejudiced and where there is an alternative forum available.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted June 18, 1976, at Detroit. (Docket No. 26321.) Decided September 8, 1976. Leave to appeal applied for.

Complaint by DeAnn Hapner and Benjamin Hapner against Rolf Brauchli, Inc., and Solis Apparatus Manufactories, Ltd., for personal injuries to DeAnn Hapner caused by a hairdryer manufactured by defendant Solis and imported by defendant Rolf Brauchli, Inc. Accelerated judgment for defendant Solis. Plaintiffs appeal. Reversed and remanded.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *Robert A. Koory* and *William H. Goodman),* for plaintiffs.

*Butzel, Levin, Winston & Quint* (by *Douglas G. Graham* and *John C. Lapinski),* for defendant Solis Apparatus Manufactories, Ltd.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

PER CURIAM. Plaintiffs appeal from an order granting defendant Solis Apparatus Manufactories, Ltd., accelerated judgment under GCR 1963, 116.1(1), for lack of jurisdiction over the person.

Plaintiff DeAnn Hapner was injured in January, 1972, while using a hairdryer manufactured by

---

* Former circuit judge sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant Solis. At that time she was a student at the University of Michigan. Her father, plaintiff Benjamin Hapner, had earlier purchased the hair-dryer from his longtime barber in Chicago as a gift for his daughter, DeAnn. When she received the hairdryer, DeAnn was still in high school and living with her parents in Chicago.

In February, 1973, plaintiffs brought suit against the Illinois importer and wholesaler of the hair-dryer and the Chicago distributor from whom the barber obtained the hairdryer. The barber was not joined as defendant. In February, 1974, the trial court ruled it did not have jurisdiction over the distributor. Plaintiffs amended their complaint to add Solis as a defendant on October 11, 1974. Solis is a Swiss corporation with its principal place of business in Glattbrugg, Switzerland. Solis sends its products, electrical appliances, barber and beautician supplies, to three independent importers in the United States. One importer is located in New York, one in Los Angeles, and one, defendant Rolf Brauchli, Inc., in Chicago. Solis claims to have neither an interest in nor any control over any of the importers of its products. Solis itself transacts no business in Michigan. While it does not solicit orders for its products in this state, its Los Angeles importer has nationally advertised Solis products in professional publications.

MCLA 600.715; MSA 27A.715 provides statutory authority for the exercise of jurisdiction here. The statute grants limited personal jurisdiction over a foreign corporation on the basis of, among other things, "the doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort". The broad language of the statute, particularly the part quoted, indicates the Legislature's desire to expand limited personal

jurisdiction to its full potential. *Sifers v Horen,* 385 Mich 195; 188 NW2d 623 (1971).

Despite the statute's coverage here, defendant argues that due process considerations prevent its application. Due process requires "sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which * * * [defendant] has incurred there". *International Shoe Co v Washington,* 326 US 310, 320; 66 S Ct 154, 160; 90 L Ed 95, 104 (1945).

Defendant emphasizes the formulation of the due process requirement found in *Hanson v Denckla,* 357 US 235, 253; 78 S Ct 1228, 1240; 2 L Ed 2d 1283, 1298 (1958):

"[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

The meaning of this standard, when removed from the context in which it was pronounced, is not certain. In fact, it may have no meaning in the present case.

"That case *[Hanson v Denckla]* was an unusual situation in which the court achieved substantial justice, but it is of questionable value as precedent regarding the problem of personal jurisdiction over nonresident defendants. * * * A rule limiting jurisdiction to defendants who 'purposefully' conduct activities within the state cannot properly be applied in product liability cases in view of the fortuitous route by which products enter any particular state." *Phillips v Anchor Hocking Glass Corp,* 100 Ariz 251, 256; 413 P2d 732, 735 (1966).

In *Woods v Edgewater Amusement Park,* 381 Mich 559; 165 NW2d 12 (1969), the Supreme Court relied heavily upon *Gray v American Radiator and Standard Sanitary Corp,* 22 Ill 2d 432; 176 NE2d 761 (1961), in deciding that there was jurisdiction over the Florida manufacturer of an amusement park ride that allegedly caused injuries in Michigan. The basis for jurisdiction in *Woods* was admittedly stronger than in the present case or in *Gray;* it is significant that the Court turned to *Gray* for direction. There the Illinois Supreme Court found jurisdiction over the foreign manufacturer of valves that were incorporated by another foreign manufacturer in its water heaters, one of which exploded and injured the plaintiff. The following passage from *Gray* has relevance to the present appeal:

"In the case at bar defendant does not claim that the present use of its product in Illinois is an isolated instance. While the record does not disclose the volume of Titan's business or the territory in which appliances incorporating its valves are marketed, it is a reasonable inference that its commercial transactions, like those of other manufacturers, result in substantial use and consumption in this State. To the extent that its business may be directly affected by transactions occurring here it enjoys benefits from the laws of this State, and it has undoubtedly benefited, to a degree, from the protection which our law has given to the marketing of hot water heaters containing its valves. Where the alleged liability arises, as in this case, from the manufacture of products presumably sold in contemplation of use here, it should not matter that the purchase was made from an independent middleman or that someone other than the defendant shipped the product into this State." 22 Ill 2d 441–442.

Defendant Solis sent its products to three importers in this country, one in the neighboring

State of Illinois. Defendant imposed no territorial restrictions over the importers; it does not claim any limitations on the distribution of its products for use in Michigan or any other state. With broad distribution and national advertising of its product, defendant is not in the position to say that the professional use of its hairdryers in this state is unexpected. If a professional using the defendant's hairdryer alleged that the hairdryer caused him injury in this state, there surely would be a basis for personal jurisdiction over defendant. We refuse to hold crucial the professional status of the person alleging injury. The notion of "fair play and substantial justice" is not violated by requiring a manufacturer to defend an action for injuries allegedly caused by its product in the state where the injury occurred and where the *presence* of its product could be expected. See 1 Restatement Conflicts of Laws 2d (Proposed Official Draft), § 37.

While we think that due process is not offended by requiring the manufacturer who places a potentially dangerous article into a broad pattern of distribution to answer for injuries where they occur, we are troubled, as was the trial court, by the choice of Michigan as the forum state. In its opinion the court noted:

"The plaintiffs are residents of Illinois, the defendant, Rolf Brauchli is an Illinois corporation, and Solis sells products to a wholesaler in Illinois. The hairdryer was purchased by the plaintiff in Illinois. Presumably Illinois has an interest in seeing that an Illinois resident who is injured is provided with an opportunity to seek compensation. The fortuitous event of the injury occurring in Michigan should not prevent the Illinois court from claiming jurisdiction. This Court should also note that the plaintiff, DeAnn Hapner, heard a jingling noise in the hairdryer before the accident, and she had the barber in Illinois repair the hairdryer. The defendant,

Solis, maintains that the dryer was negligently repaired. If Solis wants to call the barber as a witness, the defendant would perhaps be prejudiced by having the trial in this court because of a lack of jurisdiction over the barber, a friend of the plaintiff. It should be pointed out that the Illinois barber repaired the hair-dryer in Chicago *before* the accident."

Our reversal of the court's ruling on personal jurisdiction over defendant Solis does not preclude consideration of these facts in light of the doctrine of *forum non conveniens.* See *Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973). With long-arm jurisdiction pushed to its limits, the importance of this doctrine is evident. See *Developments in the Law—State Court Jurisdiction,* 73 Harv L Rev 909, 1008 (1960); Shuman, *1965 Annual Survey of Michigan Law: Conflict of Laws,* 12 Wayne L Rev 72, 78 (1965).

Reversed and remanded.