612 N.W.2d 158 (2000)
Thomas R. PRESENT, Personal Representative of the Estates of Shu Shiuan Phiong and Shu Yurn Phiong, Plaintiff-Appellee,
v.
VOLKSWAGEN OF AMERICA, INC., Defendant-Appellant.
Docket Nos. 115367, 115368, COA Nos. 201921, 204998.
Supreme Court of Michigan.
June 30, 2000.
On order of the Court, the application for leave to appeal from the April 20, 1999 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the proceedings on remand ordered by the Court of Appeals, including, but not limited to, a ruling on defendant's motion to dismiss on the grounds of forum non conveniens, and any further subsequent review by the Court of Appeals.
MARKMAN, J., states:
Although I concur in the decision of this Court to deny leave to appeal, I believe that it would be productive for the trial court upon remand to fully consider the matter of forum non conveniens. Although there may be valid arguments for allowing Michigan's judicial resources to be employed in this case, I believe that significant issues are presented in light of the following facts (a) plaintiffs live in Taiwan; (b) decedents' deaths occurred in Taiwan; (c) the allegedly defective vehicle was manufactured in Europe; (d) defendant apparently imported the vehicle from Europe and shipped it to California, but there is no evidence that defendant played any role in shipping the vehicle to Taiwan; and (e) the courts of this state are now being asked to interpret and apply Taiwanese law in at least the realms of statute of limitations and tolling rules. Cray v. General Motors, 389 Mich. 382, 395, 207 N.W.2d 393 (1973), asserts that the forum non conveniens doctrine "establishes the right of a court to resist imposition upon its jurisdiction although such jurisdiction could properly be invoked." In my judgment, it would be useful for the trial court to reflect upon the specific interests of Michigan in resolving this lawsuit, the authority and limits of Cray, and the extent to which accommodating the instant lawsuit in Michigan will have consequences for the numbers and types of future lawsuits heard by Michigan courts.