CAVANAGH, J.
(concurring in pari and dissenting in part). I agree with the majority that the trial court did not abuse its discretion in dismissing this case on the basis of forum non conveniens. In this particular case, a review of the factors set forth by this Court in Cray v Gen Motors Corp, 389 Mich 382; 207 NW2d 393 (1973), *637 reveals that the trial court’s decision to dismiss was within the principled range of outcomes. I further agree with the majority that a so-called seriously inconvenient “standard” is inappropriate, but only to the extent that this “standard” is distinct from or inconsistent with Cray. Rather, the seriously inconvenient “standard” is simply a shorthand reference for the principles announced and factors set forth in Cray. In other words, Cray is the test for courts to apply, and the Cray test clearly encompasses the principles that a plaintiffs choice of forum is accorded deference and that a state will not exercise jurisdiction only if the forum is seriously inconvenient. Further, because this case can be decided solely by reference to Cray, I disagree with the majority’s decision to adopt the reasoning set forth in Piper Aircraft Co v Reyno, 454 US 235; 102 S Ct 252; 70 L Ed 2d 419 (1981).