# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 17, 2009

138009-12 & (73)(75)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

LEASE ACCEPTANCE CORPORATION,
      Plaintiff-Appellee,

v

VINSON ABEL,
      Defendant,
and

ANDREW ASMAN, JAMES HUMENIK,
ALAN B. THOMPSON, ARNOLD WILSON,
JOSE DUARTE, JUAN D. DUARTE, WARREN
G. JAFVERT, GREG MCCUE, MAI V. HOANG,
JEFF NAGY, TUAN V. VO, DAVID BRAMLET,
WILLIAM WILKINSON, and ELIZABETH
WILSON,
      Defendants-Appellants.

SC: 138009
COA: 278716
Oakland CC: 2004-056034-CK

_____

LEASE ACCEPTANCE CORPORATION,
      Plaintiff-Appellee,

v

SCOTT ADAMS,
      Defendant,
and

JAVIER ALCARAZ, JOSEPH P. AUBUCHON,
BRIAN AUBUCHON, CHRISTOPHER
BAILEY, DARLENE BALLEW, TRACIE L.
BALLEW, BEVERLY BARNAY, ADAM BOYD,
LEO DEMIRTSHIAN, SHAWN J. FARIA,
DUANE JOHNSON, JOA MADRUGA, MARLIN

SC: 138010
COA: 278717
Oakland CC: 2004-056036-CK

BAERG, VADE A. BRADLEY, OWEN D. CHAMBERLIN, RUDY ESPARZA, STEVE LERCHE, RUTH MILLER, PHILLIP KNAUS, and JAMES BAILEY,
        Defendants-Appellants.

_____

LEASE ACCEPTANCE CORPORATION,
        Plaintiff-Appellee,

v

HEATHER BAKKER,
        Defendant,
and

MARC BELL, JAMES RAY FACKLER, ANITA ROZZI, JAMES E. ROZZI, ENEAS O. SOUZA, JONATHAN HAHN, TERRI LOOMIS, DONOVAN MINNIS, DARRIN TALL, SHERRI TALL, JAMES BENITT, JOHN SPICER, JUSTIN MELLIOT, PETER VOLKOV, JOY ANN PRANTER, LAWRENCE PRANTER, SCOTT E. MINNIS, PETER R. MULLER, MICHAEL MURRAY, RAY RANDA, and LINDSEY M. JACKSON,
        Defendants-Appellants.

_____

LEASE ACCEPTANCE CORPORATION,
        Plaintiff-Appellee,

v

GEMBO BARBOSO,
        Defendant,
and

JOSEPH A. CASTRO, SCOTT N. GALECH, MARY MENDOZA, TEDROS MISGUN, LYFORD MORRIS, MARILYN MORRIS, WAN MOUA, LAURA NASATIR, KRISTINE NELSON, CAROL PADILLA, RALPH

SC: 138011
COA: 278718
Oakland CC: 2004-056026-CK

SC: 138012
COA: 278719
Oakland CC: 2004-056035-CK

DARRYL PEREZ, GARY PERKINS, JESUS G. PRIETO, OSCAR RAMOS, DANIEL RANGEL, PAUL RAUCHFUSS, CHRISTEEN REYES, JAMES R. REYES, RAY RIVIERA, SHAWN SABO, DAVID SERRANO, SHAWNEE SPRINGER GENER VALERIO, JERRY WALBERT, ROBERT WILLIAMS, LI PING WONG, BRICE YOUNG, CHARLES ZOETEWEY, MANUEL SMITHERS, DAVIS DENVER, III, HENRY P. MYLES, CHAD MARTIN, DAN MICHAELIDES, HAMAYUN ZAHEER, SCOTT RUFFIN, and ALFRED YARINGTON,

        Defendants-Appellants.

_____/

     On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the November 20, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the order of the Oakland Circuit Court dismissing the plaintiff's consolidated actions with prejudice relative to future litigation in Michigan between the parties concerning the subject matter of the underlying lawsuit and without prejudice relative to future litigation outside of Michigan. The trial court did not abuse its discretion in determining that Michigan was not "a reasonably convenient place for the trial of the action," MCL 600.745(2)(b), when considering the factors supplied in *Cray v General Motors Corp*, 389 Mich 382, 395-396 (1973). See also *Lease Acceptance Corp v Adams*, 272 Mich App 209 (2006). The motion to dismiss and request for sanctions is DENIED.

     MARKMAN, J. (*dissenting*).

     I would not reverse the Court of Appeals. Instead, I would grant leave to appeal to consider: (1) whether, contrary to MCL 600.745(2), which is designed to determine whether Michigan constitutes a *reasonably convenient* place for certain types of litigation, the trial court erred in importing a standard drawn from the common law, which is designed to determine whether Michigan constitutes the *most convenient* place for certain other types of litigation, thereby placing a greater burden on Michigan plaintiffs to sustain lawsuits in Michigan courts and a lesser burden on out-of-state defendants to sustain lawsuits in out-of-state courts; and (2) whether the trial court abused its discretion by finding that Michigan does not constitute a reasonably convenient place for the instant litigation, thereby requiring a Michigan business to make

approximately 300 trips to California in order to bring a breach of contract action rather than requiring each of approximately 300 California defendants to make one trip to Michigan, so that the Michigan business can defend itself against a breach of contract action, despite the fact that each such defendant has contractually consented to personal jurisdiction in Michigan.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 17, 2009

Clerk