*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DUNN COUNSEL, PLC,

      Plaintiff-Appellee,

v

TODD N. ZAPPONE, CARRIE M. ZAPPONE, and SCRAPCO, LLC,

      Defendants-Appellants.

UNPUBLISHED
January 22, 2019

No. 340790
Oakland Circuit Court
LC No. 2016-155011-CB

Before: LETICA, P.J., and CAVANAGH and METER, JJ

PER CURIAM.

In this breach-of-contract action, defendants appeal as of right an order granting plaintiff's motion for summary disposition and entering judgment in favor of plaintiff. Defendants' issues on appeal, however, concern an order denying defendants' motion to dismiss. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The individual defendants are citizens of Ohio and were the subject of a civil-forfeiture case in the United States District Court for the Northern District of Ohio. The individual defendants traveled to Michigan to seek plaintiff's representation in the matter. After initially refusing, the firm's namesake, Stephen Dunn, agreed to represent defendants and the individual defendants entered into an "engagement agreement" with plaintiff. Dunn represented the individual defendants in the civil-forfeiture case and assisted them in establishing defendant Scrapco, LLC. According to plaintiff, however, defendants failed to pay $60,570.74 in attorney fees incurred by this representation. Accordingly, Dunn withdrew as defendants' counsel and moved for a charging lien in the Ohio district court. While the charging-lien motion was pending in the Ohio district court, plaintiff also filed a breach-of-contract action against defendants in the circuit court for Oakland County, Michigan. Defendants filed a motion to dismiss the breach-of-contract claim, arguing that the circuit court lacked personal jurisdiction over them and that Michigan was an inconvenient forum. The circuit court denied defendants'

motion to dismiss and granted plaintiff's motion for summary disposition, ultimately entering a judgment in plaintiff's favor for the requested amount plus interest and costs. This appeal followed.

## II. LIMITED PERSONAL JURISDICTION

On appeal, defendants first argue that the circuit court could not exercise personal jurisdiction over them. We review de novo whether a court may exercise personal jurisdiction over a defendant. *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012).

"When examining whether a Michigan court may exercise limited personal jurisdiction over a defendant, this Court employs a two-step analysis." *Id*. at 222. This Court must first determine "whether jurisdiction is authorized by Michigan's long-arm statute." *Id*. If Michigan's long-arm statute authorizes jurisdiction, we must then determine whether "the exercise of jurisdiction is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment." *Id*. (internal citation and quotation marks omitted). Michigan's long-arm statute establishes "the nature, character, and types of contacts that must exist for purposes of exercising personal jurisdiction. Due process, on the other hand, restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify personal jurisdiction under the constitution." *Id*. at 222-223 (internal citation and quotation marks omitted).

Michigan's long-arm statute provides that the "transaction of any business within the state" constitutes "a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over" an individual or corporation "and to enable the court to render personal judgments" arising out of that business relationship. MCL 600.705; MCL 600.715. "The standard for deciding whether a party has transacted any business . . . is extraordinarily easy to meet" such that "even the slightest transaction" can be sufficient to bring a defendant within the reach of Michigan's long-arm statute. *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 430; 633 NW2d 408 (2001) (internal citations and quotation marks omitted).

The facts of this case indicate that defendants' actions constituted the "transaction of any business" in Michigan. Defendants initiated a business transaction with plaintiff by traveling from Ohio to Michigan to retain plaintiff as legal counsel. Defendants then proceeded to maintain contact with plaintiff at its Michigan office over the course of two years. Plaintiff expended 507.4 billable hours on defendants' behalf, and 457 of those hours represented legal services that were performed at plaintiff's Michigan office. Although defendants' interaction with plaintiff in Michigan was relatively brief, their establishment of an attorney-client relationship is sufficient to meet the standard set forth in Michigan's long-arm statute.

"Having found that defendant[s] fell within the scope of the Michigan long-arm statute, we next must consider whether the exercise of personal jurisdiction over defendant[s] would offend due process." *W H Froh, Inc v Domanski*, 252 Mich App 220, 230; 651 NW2d 470 (2002). This Court utilizes a three-pronged analysis for determining whether the exercise of limited personal jurisdiction satisfies due process:

> First, the defendant must have purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of

-2-

this state's laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable. [*Yoost*, 295 Mich App at 223 (internal citation omitted).]

"When undertaking a due process analysis case by case, a court should examine the defendant's own conduct and connection with the forum to determine whether the defendant should reasonably anticipate being haled into court there." *W H Froh, Inc*, 252 Mich App at 230.

With regard to the first prong of the analysis, "purposeful availment" is "a deliberate undertaking to do or cause an act or thing to be done in Michigan." *Id*. at 230-231. "The defendant must deliberately engage in significant activities within a state, or create continuing obligations between himself and residents of the forum to the extent that it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Vargas v Hong Jin Crown Corp*, 247 Mich App 278, 285; 636 NW2d 291 (2001) (internal citation and quotation marks omitted). Here, defendants entered into an agreement for representation with a Michigan law firm and maintained that attorney-client relationship for a significant portion of their case. In doing so, defendants amassed an obligation to pay for 507.4 billable hours, 457 of which occurred in Michigan. Thus, we conclude that defendants purposefully availed themselves of the benefit of doing business within Michigan.

The second prong of the due-process analysis states that, in order for a nonresident defendant to be ordered to defend against a lawsuit in a foreign state's court, the defendant "must, in a natural and continuous sequence, have caused the alleged injuries forming the basis of the plaintiff's cause of action." *Oberlies*, 246 Mich App at 437. Again, here, defendants initiated an attorney-client relationship during which they incurred an obligation to pay considerable attorney fees to plaintiff in Michigan. Defendants allegedly failed to do so, causing plaintiff financial injury for which plaintiff sought redress in a breach-of-contract lawsuit. Defendants' alleged failure to pay for the representation they initiated forms the basis of plaintiff's complaint, satisfying the second prong of the due-process analysis.

"The third prong of the due process analysis considers whether the defendant's activities were substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable, i.e., whether Michigan's exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *W H Froh, Inc*, 252 Mich App at 232. "To defeat jurisdiction, a defendant who purposely has directed his activities at a forum's residents must present a compelling case that the presence of other considerations render the forum's exercise of jurisdiction unreasonable." *Id*. at 233. Michigan has a substantial interest in enforcing contracts entered in the state for services primarily performed here and defendants have not shown any undue burden in defending the lawsuit in Michigan. The individual defendants reside near the border of Michigan and Ohio, travelled to Michigan to seek representation, and had no apparent issue maintaining ties to Michigan throughout the pendency of their civil-forfeiture case. Defendants have not presented a compelling case to defeat jurisdiction.

Thus, we conclude that the circuit court could exercise limited personal jurisdiction over defendants.

## III. *FORUM NON CONVENIENS*

Defendants next argue that the circuit court abused its discretion by denying their motion to dismiss by failing to properly apply the doctrine of *forum non conveniens*. A trial court's decision on a motion to dismiss based on the doctrine of *forum non conveniens* is reviewed for an abuse of discretion. *Radeljak v Daimler Chrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Id*.

As opposed to personal jurisdiction—which presents a hard limit on the circuit court's power to entertain a case—the doctrine of *forum non conveniens* recognizes the circuit court's discretion under the common law to decline to exercise its jurisdiction when doing so would be inappropriate. *Lease Acceptance Corp v Adams*, 272 Mich App 209, 226; 724 NW2d 724 (2006). Generally, the circuit court should invoke its discretion to decline jurisdiction "when convenience of the parties and ends of justice would be better served if [the] action were brought and tried in another forum." *Hernandez v Ford Motor Co*, 280 Mich App 545, 551; 760 NW2d 751 (2008) (internal citation and quotation marks omitted).

"After a party moves for dismissal on the basis of forum non conveniens, the court must consider two things: (1) whether the forum is inconvenient and (2) whether a more appropriate forum exists." *Lease Acceptance Corp*, 272 Mich App at 226. To further this analysis, in *Cray v General Motors Corp*, 389 Mich 382, 395-396; 207 NW2d 393 (1973), the Michigan Supreme Court set forth the following list of balancing factors to analyze a *forum non conveniens* argument:

1. The private interest of the litigant.

a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

b. Ease of access to sources of proof;

c. Distance from the situs of the accident or incident which gave rise to the litigation;

d. Enforcibility [sic] of any judgment obtained;

e. Possible harassment of either party;

f. Other practical problems which contribute to the ease, expense and expedition of the trial;

g. Possibility of viewing the premises.

2. Matters of public interest.

a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

b. Consideration of the state law which must govern the case;

c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of *forum non conveniens*.

Here, the circuit court received briefing on the issue from the parties, but defendants failed to appear for oral argument. At the hearing, the circuit court denied defendants' motion to dismiss under the doctrine of *forum non conveniens*, concluding that Michigan was a reasonably convenient forum. Yet, in reaching this conclusion, the circuit court did not address any of the *Cray* factors. Thus, we must vacate the circuit court's order and remand this case for the circuit court to consider defendants' motion in light of the relevant *Cray* factors. See *Lease Acceptance Corp*, 272 Mich App at 228-229.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter