DAYTON MALL MOTOR INN v HONEYWELL, INC

Docket No. 67766. Submitted June 28, 1983, at Detroit.—Decided February 8, 1984.

The Dayton Mall Motor Inn and Antco Motor Inn Facilities, plaintiffs, are both limited partnerships with offices in Oakland County, Michigan. The sole general partner of each limited partnership is a resident of Oakland County. The plaintiffs held an interest in a motel in Dayton, Ohio, known as the Mall Motor Inn. Honeywell, Inc., is a Delaware corporation with its principal place of business in Minnesota. It does business in both Ohio and Michigan. Reliance Electric Company is a Delaware corporation with its principal place of business in Ohio. It also does business in Michigan. The plaintiffs brought an action in Oakland Circuit Court against Honeywell and two other parties seeking damages for the failure of the air-conditioning system at the Dayton Mall Motor Inn. Subsequently, the case was removed to the United States District Court for the Eastern District of Michigan. The court denied Honeywell's motion for a change of venue to the Southern District of Ohio. The plaintiffs filed a second amended complaint adding a Michigan corporation as a party defendant. The amendment destroyed diversity jurisdiction and the case was remanded to the Oakland Circuit Court. The circuit court ordered that the case be mediated. Thereafter, the plaintiffs settled with three of the defendants. The case was scheduled for a trial but was adjourned four times. Subsequently, the circuit court, Frederick C. Ziem, J., granted Honeywell's motion for dismissal based on the doctrine of *forum non conveniens.* The dismissal was conditioned upon Honeywell's promise not to plead the statute of limitations in any action commenced in Ohio regarding the dispute. The plaintiffs appealed. *Held:*

The decision of the circuit court should be reversed. The application of the doctrine of *forum non conveniens* lies in the

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 172, 175.
[2] 20 Am Jur 2d, Courts § 176.
[3] 77 Am Jur 2d, Venue § 64.
[4, 5] 20 Am Jur 2d, Courts § 173.

discretion of the trial judge. A motion for a dismissal based on *forum non conveniens* is untimely if it is filed after a defendant's answer. A dismissal based on the doctrine of *forum non conveniens* should not generally occur after a trial date has been set, even in the extraordinary case in which a plaintiff's choice of forum is supported only by the fact that it was chosen. The balance of factors for determining whether the court should decline jurisdiction based on *forum non conveniens* is quite close here, absent the untimeliness of the motion. The plaintiffs are Michigan businesses. There is nothing in the record which indicates that a jury view of the premises would be required. Not all of the witnesses are Ohio residents. This is commercial litigation in which the number of witnesses not employed by any of the parties is small. Little weight should be given to any burden imposed on the Oakland County courts and taxpayers because the plaintiffs are Oakland County residents. Here the motion to dismiss was untimely.

Reversed and remanded.

CYNAR, P.J., concurred separately.

OPINION OF THE COURT

1. COURTS — JURISDICTION — *FORUM NON CONVENIENS* — DISCRETION.
   The doctrine of *forum non conveniens* is applicable in Michigan and it is within the discretion of the trial judge to decline jurisdiction in such cases as the convenience of the parties and the ends of justice dictate.

2. COURTS — JURISDICTION — *FORUM NON CONVENIENS* — PRIVATE INTERESTS — PUBLIC INTERESTS — WITNESSES — PROOF — JUDGMENT.
   A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in cases where the doctrine of *forum non conveniens* has been raised should include: (A) the private interest of the litigant in (1) availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses, (2) ease of access to sources of proof, (3) distance from the situs of the accident or incident which gave rise to the litigation, (4) enforceability of any judgment obtained, (5) possible harassment of either party, (6) other practical problems which contribute to the ease, expense, and expedition of the trial, and (7) possibility of viewing the premises; (B) matters of public interest in (1) administrative difficulties which may arise in an area which may not be present in the area of origin, (2) consideration of the state law which must govern the case, and (3) people who are concerned

by the proceeding; and (C) reasonable promptness in raising the plea of *forum non conveniens.*

3. Venue — *Forum Non Conveniens.*

The court rules governing changes of venue do not apply to dismissal of actions based on the doctrine of *forum non conveniens.*

4. Motions and Orders — *Forum Non Conveniens.*

A motion for a dismissal based on *forum non conveniens* is untimely if filed after a defendant's answer; timeliness, however, is merely one factor to be considered by the trial judge.

Concurrence by Cynar, P.J.

5. Motions and Orders — *Forum Non Conveniens.*

*The timeliness of a motion to dismiss an action based on the doctrine of* forum non conveniens *is an important factor for a trial judge to consider in deciding whether to dismiss the action.*

*Honigman, Miller, Schwartz & Cohn* (by *Stephen F. Wasinger*), for plaintiffs.

*English & van Horne, P.C.* (by *John E. English* and *Alexander P. Madar*), for defendants.

Before: Cynar, P.J., and Hood and R. J. Jason,* JJ.

Per Curiam. Plaintiffs appeal as of right from the dismissal of their commercial contract action against defendants. The circuit judge declined the exercise of jurisdiction based on the doctrine of *forum non conveniens.*

Plaintiffs are both limited partnerships with offices in Oakland County. The sole general partner of each limited partnership is a resident of Oakland County. Plaintiffs held an interest in a motel in Dayton, Ohio, known as the Mall Motor

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Inn. Defendant Honeywell is a Delaware corporation with its principal place of business in Minnesota. It also does business in both Ohio and Michigan. Defendant Reliance is a Delaware corporation with its principal place of business in Cleveland. It also does business in Michigan.

On June 11, 1976, plaintiffs sued Honeywell and two other parties in the Oakland Circuit Court seeking damages for the failure of the air-conditioning system at the Dayton Mall Motor Inn. On June 28, 1976, Honeywell removed the action to the United States District Court for the Eastern District of Michigan. On July 27, 1976, Honeywell moved for a change of venue to the Southern District of Ohio. The district court judge denied the motion. Plaintiffs were allowed to file a second amended complaint adding a Michigan corporation as a party defendant. The amendment destroyed diversity jurisdiction and the case was remanded to the Oakland Circuit Court. Discovery continued and a trial was scheduled for September 30, 1980. On January 1, 1981, the circuit court ordered the case to be mediated. During 1981, plaintiffs settled with three of the defendants. Trial was again scheduled to commence on September 18, 1981. This date was adjourned three more times and finally set for March 17, 1982. On this date, the trial court suggested to counsel that the case might better be tried in Ohio, then adjourned the trial again, setting a new trial date for May 17, 1982. On May 13, 1982, Honeywell filed its motion for dismissal based on *forum non conveniens.* After hearing arguments from all of the parties, the circuit court granted the motion. The dismissal was conditioned upon defendant Honeywell's promise not to plead the statute of limitations as a defense to plaintiffs' Ohio complaint. Plaintiffs

appeal as of right. Defendant Reliance Electric concurs in plaintiffs' appeal.

The trial judge gave the reasons for his decision in a clear and cogent written opinion incorporated in the judgment. He stated:

"Resolution of the controversy will require application of Ohio law which is not familiar to the court and would impose a burden on the court; would require the attendance of numerous Ohio witnesses; involves essentially an Ohio dispute or disputes regarding events which have their situs in Ohio; the dispute related to incidents and physical structures in Ohio; could reasonably necessitate burden and expense for Oakland County of sending an Oakland County jury to Dayton, Ohio, to view the premises; and the crowded docket of Oakland County Circuit and the fairness to the county and the Oakland County residents to sit as a jury on this essentially Ohio case, would not be in the best interests of or convenience of the people of Oakland County and this court."

The application of the doctrine of *forum non conveniens* lies in the discretion of the trial judge. *Cray v General Motors Corp,* 389 Mich 382, 395; 207 NW2d 393 (1973). In *Cray, supra,* the Supreme Court listed the following factors to be considered and weighed in deciding a motion for dismissal based on *forum non conveniens:*

"1. The private interest of the litigant.

"a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

"b. Ease of access to sources of proof;

"c. Distance from the situs of the accident or incident which gave rise to the litigation;

"d. Enforcibility *[sic]* of any judgment obtained;

"e. Possible harassment of either party;

"f. Other practical problems which contribute to the ease, expense and expedition of the trial;

"g. Possibility of viewing the premises.

"2. Matters of public interest.

"a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

"b. Consideration of the state law which must govern the case;

"c. People who are concerned by the proceeding.

"3. Reasonable promptness in raising the plea of *forum non conveniens.*"

Plaintiffs first argue that defendant Honeywell's motion to dismiss was untimely. Plaintiffs compare the motion for dismissal based on *forum non conveniens* to a motion for a change of venue. A motion for a change of venue must generally be filed before, or at the time, the defendant files an answer. GCR 1963, 401. Although we agree with plaintiffs that analogies can be drawn between changes of venue and dismissals based on *forum non conveniens,* they are not the same thing. The court rules governing changes of venue cannot reasonably be understood to apply to dismissals based on *forum non conveniens.* We conclude that the court rules governing changes of venue do not apply to dismissals based on *forum non conveniens.*

Because the court rules governing changes of venue do not specifically apply to dismissals based on *forum non conveniens,* the mandatory time limits on venue motions cannot be applied here. The court rules do not specifically discuss motions for dismissals based on *forum non conveniens.* We do believe that the court rules provide a good guideline for assessing the timeliness of a motion for dismissal based on *forum non conveniens.* Whether such a motion is compared to a motion

for a change of venue or to a motion to dismiss for want of jurisdiction (GCR 1963, 116.1) the same standard of timeliness is set. A defendant should make its motion before, or at the time of, its answer. Although a motion for dismissal based on *forum non conveniens* may be granted despite its being untimely, timeliness is an important factor. *Cray, supra,* p 396. We believe that a motion for dismissal based on *forum non conveniens* is untimely if filed after a defendant's answer. Timeliness, however, is merely one factor to be considered by the trial judge.

In the present case, several trial dates had been set before the motion to dismiss was brought. The subject of a dismissal based on *forum non conveniens* did not arise until it was brought up by the trial judge on a date set for trial. Although no per se rule regarding timeliness has been established, courts in other jurisdictions have uniformly rejected last-minute requests for a dismissal based on *forum non conveniens. Bussanich v United States Lines, Inc,* 74 App Div 2d 510; 424 NYS2d 449 (1980); *Abkco Industries, Inc v Lennon,* 52 App Div 2d 435; 384 NYS2d 781 (1976); *Deupree v Le,* 402 A2d 428 (DC App, 1979); *Cohane v Arpeja-California, Inc,* 385 A2d 153 (DC App, 1978); *Wilburn v Wilburn,* 192 A2d 797, 801 (DC App, 1963); *Fifth & Walnut, Inc v Loew's, Inc,* 76 F Supp 64 (SD NY, 1948). We believe that a dismissal based on *forum non conveniens* should not generally occur after a trial date has been set, even in the extraordinary case in which plaintiff's choice of forum is supported only by the fact that it was chosen. See *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 629; 309 NW2d 539 (1981).

We believe that the balance of factors which might support a decision to decline jurisdiction is

quite close in this case, when the factor of timeliness is ignored. Although most of the important events which serve as the basis for this lawsuit occurred in Dayton, Ohio, location of a suit's subject matter is only one factor to be considered. The plaintiffs are Michigan businesses; the defendants include a Minneapolis business and one headquartered in Cleveland. Although some of the reasons for dismissal stated by the trial judge were weighty ones, we do not think they outweighed the inconvenience caused by the last-minute dismissal. We see nothing in the record which indicates that a jury view of the premises is likely to be required. Although some witnesses are Ohio residents, not all of them are. Defendant Honeywell has not suggested that most of the witnesses to be called are actually residents of Dayton. This is commercial litigation in which the number of eyewitnesses not employed by any of the parties is small. Unlike *Anderson, supra* (a Michigan-Florida case), matters of the inconvenience of witnesses are of less importance in this Michigan-Ohio case. Finally, little or no weight should be given to any burden imposed on the Oakland County courts and taxpayers in a suit brought by Oakland County plaintiffs. This is clearly not "imported" litigation. In this case, timeliness is the dispositive factor.

Reversed and remanded. Costs to plaintiffs.

CYNAR, P.J. *(concurring).* My decision to reverse in this case is based primarily on the untimeliness of the motion to dismiss. This action was commenced on June 11, 1976. The trial was scheduled for September 18, 1981, January 4, 1982, March 15, 1982, March 17, 1982, and May 17, 1982.

Defendant Honeywell filed its motion for dismissal based on *forum non conveniens* on May 13, 1982. The motion was heard and granted on May

17, 1982. The order of dismissal was not entered until October 15, 1982. The appeal was filed on November 3, 1982.

At this point in time, this case is over seven and one-half years old. If plaintiffs start a lawsuit in Ohio, the litigation could age several more years before coming up for trial. A decade of litigation on this matter is much too long.