DUYCK v INTERNATIONAL PLAYTEX, INC

Docket No. 77461. Submitted April 3, 1985, at Detroit.—Decided
    August 5, 1985. Leave to appeal applied for.

Diane E. Duyck filed suit against International Playtex, Inc. in
    Wayne Circuit Court. Defendant moved for change of venue to
    Macomb Circuit Court. The court, Thomas J. Brennan, J.,
    granted defendant's motion. Plaintiff appealed by leave
    granted. *Held:*

1. Defendant was not able to make a persuasive showing that
convenience necessitated a change of venue from Wayne to
Macomb County.

2. It was improper for the trial court to consider plaintiff's
motivation for filing her lawsuit in Wayne County as grounds
for granting defendant's motion to change venue.

3. While consideration of docket overcrowding is permissible
in ruling on a venue motion, it should not be considered unless
the moving party is able to make the required persuasive
showing of inconvenience or prejudice. Defendant in this case
was unable to make the required persuasive showing of incon-
venience, therefore docket overcrowding should not have been
considered by the trial court. The case is reversed and re-
manded to the Wayne Circuit Court.

4. The doctrine of *forum non conveniens* does not apply to
this action

Reversed and remanded.

J. H. GILLIS, J., dissented. He would hold that the disposition
of a motion for a change of venue is discretionary and should
not be reversed absent an abuse of discretion. Being of the

REFERENCES FOR POINTS IN HEADNOTES
[1-4, 6, 7] Am Jur 2d, Venue § 48 *et seq.*
    Forum non conveniens in products liability cases. 59 ALR3d 138.
[5, 6] Am Jur 2d, Courts §§ 172-182.
    Assumption or denial of jurisdiction in action between nonresident
        individuals based upon tort occurring within forum state. 92
        ALR3d 797.
[8] Am Jur 2d, Appeal and Error §§ 18, 774.
    See the annotations in the ALR 3d/4th Quick Index under Appeal
        and Error.

opinion that this case has no connection to Wayne County, he would also hold that the trial court did not abuse its discretion by concluding that the convenience of the parties and witnesses would be better served by changing venue to Macomb County. He would affirm.

OPINION OF THE COURT

1. VENUE — CHANGE OF VENUE.

The burden of establishing inconvenience or prejudice as grounds for a change of venue rests upon the moving party, and since these are matters which will not be lightly assumed, a persuasive showing must be made.

2. VENUE — CHANGE OF VENUE.

A plaintiff's choice of venue should be accorded deference by a court considering a motion for change of venue.

3. VENUE — CHANGE OF VENUE — COURT RULES.

A trial court's exercise of discretion in ruling on a motion for change of venue properly laid is limited to considerations of convenience of the parties and witnesses or whether an impartial trial can be held; reliance on impermissible considerations will constitute an abuse of that discretion (GCR 1963, 403).

4. VENUE — CHANGE OF VENUE — DOCKET OVERCROWDING.

Docket congestion may be utilized by a court in considering a motion for a change of venue properly laid only where the moving party has made a sufficiently persuasive showing of inconvenience or prejudice (GCR 1963, 403).

5. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*

The doctrine of *forum non conveniens* is applicable only where the parties are residents of different states, neither are residents of the forum state, and the injury or event giving rise to the suit occurred other than in the forum where suit was brought.

6. VENUE — CHANGE OF VENUE — *FORUM NON CONVENIENS.*

A plaintiff's choice of forum should rarely be disturbed, even under the doctrine of *forum non conveniens,* unless the balance is strongly in favor of the defendant.

DISSENT BY J. H. GILLIS, J.

7. VENUE — CHANGE OF VENUE — APPEAL — COURT RULES.

*The grant or denial of a motion to change venue, which was properly laid initially, rests in the sound discretion of the trial*

*court and should be reversed on appeal only where there is an abuse of that discretion (GCR 1963, 403).*

8. APPEAL — ABUSE OF DISCRETION.

*An abuse of discretion by a trial court in making a determination requires the reviewing court to find that the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias.*

*Shrauger & Dunn, P.C.* (by *Michael R. Dunn* and *Michael J. Cantor),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *J. V. Walker* and *Ernest R. Bazzana),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and ALLEN, JJ.

BRONSON, P.J. Plaintiff appeals by leave granted from an order of the Wayne County Circuit Court granting defendant's motion to have venue in this action changed to Macomb County pursuant to GCR 1963, 403.[1] For the purposes of this appeal, the parties have stipulated to a concise statement of facts as follows:

"1. This action arises out of an illness suffered by Plaintiff, Diane E. Duyck, in November, 1980 subsequent to her purchase of Playtex Tampons.

"2. Plaintiff filed an action in Wayne County Circuit Court on September 15, 1983, alleging negligence, breach of expressed warranty, breach of implied warranty, fraud, deceit and misrepresentations on behalf of International Playtex, Inc., in its manufacture and sale of the product.

"3. Venue is proper in Wayne County.

---

[1] Our review of current law, the new Michigan Court Rules and attendant committee notes convinces us that our analysis is equally applicable to MCR 2.222.

"4. Plaintiff is a resident of Centerline in Macomb County, Michigan, and alleges that she purchased the product from various stores in various counties throughout the tri-county area of Metropolitan Detroit.

"5. Defendant is from out-of-state.

"6. Plaintiff's residence is approximately five miles closer to Wayne County Circuit Court th[a]n it is to Macomb County Circuit Court.

"7. Both attorneys are located in Wayne County with each listing Detroit as their address in the pleadings and the State Bar Journal. Plaintiff's counsel has an office located in the County of Macomb, State of Michigan, as does defense counsel, both cases being within walking distance of the Macomb County Circuit Court.

"8. All medical care given, which is pertinent to this case, was received in the area of South Macomb Hospital on 12 Mile Road and Van Dyke in Macomb County. That location is approximately equal distance between the Macomb County and Wayne County Circuit Courts.

"9. On November 18, 1983, International Playtex, Inc., filed a Motion for Change of Venue together with a Brief in Support Thereof; Plaintiff filed an Answer and a Memorandum in Opposition.

"10. The Court on December 27, 1983, granted Defendant's Motion and issued an Order changing venue to Macomb County Circuit Court.

"11. Plaintiff filed a Motion for Rehearing and on January 27, 1984, the Court denied this Motion and entered its Order on February 27, 1984. It is from these Orders that Plaintiff appeals."

The sole issue in this appeal is whether the trial court abused its discretion in granting defendant's motion for a change of venue. We answer that question in the affirmative and consequently reverse the trial court's order.

GCR 1963, 403, Motion for Change of Venue Properly Laid, states:

"*The venue of any civil action properly laid,* or of an appeal from any order, decision, or opinion of any state

board, commission, or agency, authorized under the laws of this state to promulgate rules and regulations, *may be changed to any other county* by order of the court upon timely motion by one of the parties, *for convenience of parties and witnesses,* or, in the case of appellate review of the administrative proceedings aforementioned, for convenience of counsel, or when an impartial trial cannot be had in the county wherein the action is pending." (Emphasis added.)

It is well established that the burden of demonstrating inconvenience or prejudice as grounds for change of venue rests upon the moving party, and since these are matters which will not be lightly assumed, a persuasive showing *must* be made. *Brown v Hillsdale County Road Comm,* 126 Mich App 72, 78; 337 NW2d 318 (1983); 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 272. It is equally well established that plaintiff's choice of venue should be accorded deference.

As the stipulated facts indicate, venue in Wayne County was not shown to be inconvenient to either the parties, witnesses or attorneys. Plaintiff, by filing suit in Wayne County, certainly waived any claim of inconvenience. Defendant is an out-of-state corporation and cannot, therefore, claim one county is more convenient than another. Both attorneys' offices are located in Wayne and Macomb Counties, and each has an office close to either courthouse. The witnesses in this action, with the exception of plaintiff, are still unknown. However, two out-of-state witnesses were mentioned at the hearing on defendant's motion, and we cannot believe that they would express a marked preference for one county over another. Plaintiff also argued that airport locations favor Wayne County over Macomb County and that plaintiff lives approximately five miles closer to the Wayne County courthouse. The trial court,

however, was not impressed with such precise mileage calculations, nor are we.

It is clear from the above discussion that defendant was not able to make a persuasive showing that convenience necessitated a change of venue from Wayne to Macomb County. While recognizing that convenience was not persuasively shown, the trial court granted defendant's motion, stating:

"I'm not going to let somebody forum shop, and they do it. They all come racing in to Wayne County and file their lawsuits here and have the people of Wayne County pay for all of those lawsuits, no matter where they live, so that they can get a big judgment, and I don't grant that."

We believe it was improper for the trial court to consider plaintiff's motivation for filing her lawsuit in Wayne County as grounds for granting defendant's motion to change venue.

GCR 1963, 403 sets forth the permissible considerations for a change of venue properly laid. These considerations are limited to the convenience of the parties and witnesses or whether an impartial trial can be held. A trial court's exercise of discretion in ruling on a motion for change of venue under GCR 1963, 403 is limited to these considerations, and reliance on impermissible considerations will constitute an abuse of that discretion. See generally *People v Gage,* 188 Mich 635, 641-642; 155 NW 464 (1915).

Even assuming that the trial court correctly discerned plaintiff's motivation for filing her suit in Wayne County, it must be stressed that plaintiff had a perfect right to do so under our venue statutes. Much has been made of the constantly alleged feature of Wayne County litigation; namely, that plaintiffs desire Wayne County be-

cause of perceived high damage awards and defendants avoid Wayne County for the same reason. The trial court's opinion implicitly criticizes plaintiff, a critique which we believe is unwarranted. The object of damages recoverable in a tort suit is to put the plaintiff in as good a position as she would have been had the injuries not occurred. Plaintiff cannot be faulted because she perceives that her chances of a full and fair recovery are greater in Wayne County. Nor do we mean to imply that defendant should be faulted for desiring to pay a lower damage award. Rather, we believe that neither plaintiff's preference for a high damage award, nor defendant's preference for a low damage award, is a proper consideration in a motion under GCR 1963, 403.

The trial court also considered the crowded Wayne County docket as grounds for granting defendant's motion. The problem of docket overcrowding is well known. As the Supreme Court noted in *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 631; 309 NW2d 539 (1981), the Wayne County Circuit Court has the most crowded civil docket of any court in the state. We are not unsympathetic to the problems faced by circuit court judges in trying to manage an overcrowded docket. Nor do we hold that docket considerations can never be a factor to be considered in ruling on a venue motion. The difficulty presented, however, is that docket considerations would always support an order granting change of venue to another county. In a case such as the instant one, docket considerations would always favor defendant's preferences over plaintiff's. Further, we are skeptical that motions for change of venue are an efficient or effective method for controlling the problems of overcrowded court dockets.

We hold, therefore, that consideration of docket

overcrowding is permissible in ruling on a venue motion under GCR 1963, 403. Its importance as a factor, however, should not be overinflated. The primary considerations must remain the convenience of the parties and witnesses or the ability to obtain an impartial trial. If the moving party is unable to make the required *persuasive* showing of inconvenience or prejudice, docket congestion should not be considered at all. It is only where the moving party has made a sufficiently persuasive showing that docket congestion may be utilized as a consideration to tip the balance one way or the other. In the instant case, defendant was unable to make the required persuasive showing of inconvenience, and therefore docket overcrowding should not have been considered by the trial court. We therefore reverse and remand this action to the Wayne County Circuit Court.

Defendant argues that, under the doctrine of *forum non conveniens,* the trial court properly considered whether plaintiff was forum shopping and the problems of docket congestion as primary considerations under a GCR 1963, 403 change of venue motion. See *Anderson, supra; Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973). We have noted, however, that while analogies can be drawn between changes of venue and the dismissal of an action under *forum non conveniens,* they are not synonymous. *Dayton Mall Motor Inn v Honeywell, Inc,* 132 Mich App 174; 347 NW2d 15 (1984). *Forum non conveniens* is applicable only where the parties are residents of different states, neither are residents of the forum state, and the injury or event giving rise to the suit occurred other than in the forum where suit was brought. Under this doctrine, jurisdiction is refused by the court and the suit is dismissed. This doctrine, should it be applied in a suit involving a

party who resides in Michigan, would be contrary to this state's concept of one court of justice. Const 1963, art 6, § 1.

We would further note that, even under the doctrine of *forum non conveniens,* "unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should *rarely* be disturbed". *Gulf Oil Corp v Gilbert,* 330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947), cited in *Cray, supra* (emphasis added). Insofar as certain features of this doctrine are applicable to GCR 1963, 403 change of venue motions, we believe that they are subservient to the plain language of the court rule and have already been incorporated into our holding today..

Reversed and remanded. Costs assessed to defendant.

J. H. GILLIS, J. *(dissenting).* I respectfully dissent. The disposition of a motion for change of venue brought pursuant to GCR 1963, 403 is discretionary, and thus a trial court's ruling on the motion will not be reversed absent an abuse of discretion. Plaintiff must therefore establish that the trial court's ruling is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias". *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). My review of the factors considered by the trial court convinces me that the discretion was properly exercised. In my opinion, this case has absolutely no connection to Wayne County. Under such circumstances, the trial court's conclusion that the convenience of the parties and witnesses would be better served by changing venue to Macomb County does not, to my mind, constitute an abuse of discretion. I would vote to affirm.