ROBEY v FORD MOTOR COMPANY

Docket No. 82982. Submitted November 19, 1985, at Detroit. Decided April 10, 1986.

Sandra L. Robey, a resident of the State of Virginia, filed an action in her capacity as executrix of the estate of Jessie T. Robey, her deceased husband, in the Wayne Circuit Court against Ford Motor Company. The decedent died from injuries he sustained when a Ford tractor which he was driving in Virginia overturned and crushed him. The circuit court, John H. Gillis, Jr., J., granted defendant's motion to dismiss on the grounds of forum non conveniens, noting that the accident occurred in Virginia, plaintiff resided in Virginia, and defendant does business in Virginia. Plaintiff appealed.

The Court of Appeals *held:*

Application of the doctrine of forum non conveniens lies within the discretion of the trial court. In this case, the circuit judge abused his discretion in declining jurisdiction without an adequate explanation of why the Wayne Circuit Court would be an inconvenient forum.

Reversed and remanded for trial.

R. B. BURNS, J., dissented. He would hold that, while the circuit judge could have more fully articulated his reasons for declining to take jurisdiction, the circuit judge did not abuse his discretion in applying the doctrine of forum non conveniens. He would affirm.

OPINION OF THE COURT

1. COURTS — JURISDICTION — FORUM NON CONVENIENS.

A trial court, when a party requests that the court decline jurisdiction based on the doctrine of forum non conveniens, is faced with the following inquiries: whether the forum is convenient and whether there is a more appropriate forum available; if there is not a more appropriate forum elsewhere, the inquiry ends and the court may not resist imposition of jurisdiction; if

REFERENCES

Am Jur 2d, Courts §§ 172-176, 178.

See the annotations in the Index to Annotations under Forum Non Conveniens.

there is a more appropriate forum, the court still may not decline jurisdiction unless its own forum is seriously inconvenient.

DISSENT BY R. B. BURNS, J.

2. COURTS — JURISDICTION — FORUM NON CONVENIENS — APPEAL.
The Court of Appeals will not reverse a lower court's application of the doctrine of forum non conveniens in declining jurisdiction unless there was an abuse of discretion by the lower court.

*Quinn, Borella & Stockton, P.C.* (by *Jerome G. Quinn*), and *Gromek, Bendure & Thomas* (by *Daniel J. Wright*), Attorneys of Counsel, for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert S. Krause, Richard L. Caretti* and *William P. Shield, Jr.*), for defendant.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff appeals as of right from a Wayne Circuit Court order granting defendant's motion to dismiss on the grounds of forum non conveniens. We reverse. The facts of this case are on all fours with those in *Cray v General Motors Corp*, 389 Mich 382; 207 NW2d 393 (1973), where the Supreme Court affirmed a lower court order denying the defendant's motion to decline jurisdiction. In light of the Court's holding that application of the doctrine of forum non conveniens should lie within the discretion of the trial judge, we would be loath to say that a judge could never decline jurisdiction when faced with facts similar to those in *Cray*. However, we would expect that the judge's decision would reveal some reason for distinguishing *Cray*. We cannot find such a reason in this case and, accordingly, would reverse and remand for trial.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

When a party requests that a court decline jurisdiction based on the doctrine of forum non conveniens, there are two inquiries for the court to make: whether the forum is inconvenient and whether there is a more appropriate forum available. If there is not a more appropriate forum elsewhere, the inquiry ends and the court may not resist imposition of jurisdiction. If there is a more appropriate forum, the court still may not decline jurisdiction unless its own forum is seriously inconvenient.

In this case, the trial judge identified three reasons for declining jurisdiction: the accident occurred in Virginia, plaintiff resided in Virginia and defendant was doing business in Virginia. These reasons, along with defendant's agreement to stipulate to jurisdiction in a Virginia court and to waive any statute of limitations, lead to the conclusion that a Virginia forum is available which, at least in some respects, has advantages over the Wayne Circuit Court. However, the judge's reasons do not appropriately address the inconvenience of his court as a forum. The fact that defendant was doing business in Virginia says nothing of the convenience or lack thereof of the Wayne Circuit Court. Indeed, Wayne County is defendant's principal place of business. The fact that plaintiff is a resident of Virginia is also of no moment; she has elected Wayne Circuit Court as her forum of choice.

That the accident occurred in Virginia does suggest that some of the *Cray* factors came into play. However, the trial judge did not address any of these factors and, on review of the record, we cannot find that any injustice would result from retention of jurisdiction in Wayne County. Plaintiff asserts that Michigan law should apply. See *Olmstead v Anderson,* 145 Mich App 160; 377

NW2d 853 (1985). Plaintiff's suit alleges negligent design of the tractor occurring in Michigan; pretrial discovery on this claim would probably center in Wayne County. Plaintiff further claims that there were no eyewitnesses to the rollover and that she would be the only one testifying as to the circumstances surrounding the accident. We do not regard defendant's allegation that there may be other Virginia witnesses not subject to compulsory process in Michigan as sufficient in itself to support dismissal of plaintiff's action. The allegations are not supported by record evidence and are speculative at this time. Also, we regard the necessity of a view of the premises as unlikely in light of defendant's earlier removal of plaintiff's first action, filed in a Virginia state court, to a Virginia federal court more than one hundred miles from the site of the accident.

In *Cray,* the Supreme Court referred to the commentary to Restatement Conflict of Laws 2d, § 84, which included a corporation's principal place of business as an appropriate forum. *Cray, supra,* pp 394-395, n 2. Recently, a panel of this Court has stated that the doctrine of forum non conveniens is applicable only where, inter alia, neither party is a resident of the forum state. *Duyck v International Playtex, Inc,* 144 Mich App 595, 602; 375 NW2d 769 (1985). At this time, we are hesitant to follow our colleagues on the *Duyck* panel and adopt the mandatory rule stated in that case. Nevertheless, the above citations suggest that it must be a truly exceptional case where the defendant's principal place of business would not be a convenient forum. This case so lacks of any exceptional factors that we can only conclude that the trial judge's decision was an abuse of discretion. *Marrs v Board of Medicine,* 422 Mich 688, 694; 375

NW2d 321 (1985), citing *Spalding v Spalding,* 355 Mich 382, 385; 94 NW2d 810 (1959).

Reversed and remanded for trial.

R. B. BURNS, J. *(dissenting).* Plaintiff, Sandra L. Robey, executrix of the estate of Jessie Thomas Robey, deceased, appeals from a Wayne Circuit Court order granting defendant Ford Motor Company's motion to dismiss on the grounds of forum non conveniens. Plaintiff's decedent was killed in Lunenberg County, Virginia, on October 19, 1982, when the Ford 4000 tractor he was driving allegedly overturned and crushed him. Plaintiff, both at the time of the accident and at the present time, is a resident of Virginia.

The instant case was filed in Wayne Circuit Court on October 18, 1984. At approximately the same time, an identical action was filed in Lunenberg County, Virginia. Defendant successfully removed that case to the United States District Court in Richmond, Virginia, approximately 125 miles away. Wishing to pursue the Michigan action, plaintiff requested voluntary dismissal without prejudice of the federal suit. However, by its January 11, 1985, order the federal district court granted dismissal with prejudice because plaintiff's two suits in different courts respecting the identical claim put defendant to unnecessary expense.

Defendant then moved to dismiss based on forum non conveniens in Wayne Circuit Court. The trial court granted the defendant's motion.

In *Cray v General Motors Corp,* 389 Mich 392; 207 NW2d 393 (1973), and the three other cases consolidated for hearing therewith, the Michigan Supreme Court held that Michigan courts may decline jurisdiction of a case by applying the doctrine of forum non conveniens. In addition to setting forth the criteria which should be included

in making such a determination, the Supreme
Court also articulated the rule that

> [t]he principle of *forum non conveniens* establishes
> the right of a court to resist imposition upon its
> jurisdiction although such jurisdiction could prop-
> erly be invoked. It presupposes that there are at
> least two possible choices of forum. [389 Mich 395.]

This Court will not reverse the lower court's
application of the forum non conveniens doctrine
unless there is an abuse of discretion. *Bellin v
Johns-Manville Sales Corp,* 141 Mich App 128; 366
NW2d 20 (1984); *Dayton Mall Motor Inn v Honey-
well, Inc,* 132 Mich App 174; 347 NW2d 15 (1984);
*Cray v General Motors Corp, supra. Cray* suggests
that a reviewing court should look to the conve-
nience to the parties and the ends of justice in
such a determination. 389 Mich 396.

The *Cray* Court then set forth the following
factors to be considered in rejecting or accepting
jurisdiction:

> 1. The private interest of the litigant.
> a. Availability of compulsory process for atten-
> dance of unwilling and the cost of obtaining atten-
> dance of willing witnesses;
> b. Ease of access to sources of proof;
> c. Distance from the situs of the accident or
> incident which gave rise to the litigation;
> d. Enforceability of any judgment obtained;
> e. Possible harassment of either party;
> f. Other practical problems which contribute to
> the ease, expense and expedition of the trial;
> g. Possibility of viewing the premises.
> 2. Matters of public interest.
> a. Administrative difficulties which may arise in
> an area which may not be present in the area of
> origin;

b. Consideration of the state law which must
govern the case;

c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of
*forum non conveniens.* [389 Mich 396.]

In granting defendant's forum non conveniens
motion, the trial court said

[t]hat the motion is hereby granted because the
accident occurred in Virginia, the plaintiff resided
in Virginia and the defendant was doing business
in Virginia.

While the trial judge could have articulated his
reasons more fully, I find no abuse of discretion.

I would affirm.