McLARTY v KUBOTA TRACTOR, LTD

Docket Nos. 94450, 94529. Submitted February 3, 1988, at Detroit. Decided August 29, 1988.

Kenneth A. McLarty sustained fatal injuries in Illinois while operating a Kubota tractor equipped with a blade sold by Ford Motor Company. McLarty and his wife, Patricia McLarty, had purchased the tractor in Virginia at a time when they were residents of Michigan and had later taken the tractor when they moved to Illinois. Patricia McLarty, as personal representative of the estate of her deceased husband, brought an action in Wayne Circuit Court against Kubota Tractor, Ltd., and Ford Motor Company. Defendants filed a motion seeking to have the trial court decline jurisdiction on the basis of forum non conveniens. The trial court, Thomas Roumell, J., denied the motion, ruling that application of forum non conveniens was precluded by the fact that plaintiff and Ford Motor were residents of Michigan. Defendants each sought and were granted leave to appeal before the Court of Appeals, which consolidated their appeals.

The Court of Appeals held:

1. The trial court incorrectly found that plaintiff was a resident of Michigan. There was no proof in the record, nor has plaintiff provided any on appeal, that plaintiff had moved from Illinois.

2. The trial court erred in ruling that application of the doctrine of forum non conveniens in the context of a motion to decline jurisdiction is precluded when a litigant is a resident of Michigan.

3. On remand, the trial court is to conduct an evidentiary hearing at which it shall determine the issue of forum non conveniens.

Reversed and remanded.

REFERENCES

Am Jur 2d, Courts §§ 172 et seq.

Doctrine of forum non conveniens: assumption or denial of jurisdiction in action between nonresident individuals based upon tort occurring within forum state. 92 ALR3d 797.

1. Vᴇɴᴜᴇ — Fᴏʀᴜᴍ Nᴏɴ Cᴏɴᴠᴇɴɪᴇɴs.

   Factors a court must consider when deciding whether to decline jurisdiction on the basis of forum non conveniens include: (A) the private interest of the litigant in (1) availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses, (2) ease of access to sources of proof, (3) distance from the situs of the accident or incident which gave rise to the litigation, (4) enforceability of any judgment obtained, (5) possible harassment of either party, (6) other practical problems which contribute to the ease, expense, and expedition of the trial, and (7) possibility of viewing the premises; (B) matters of public interest in (1) administrative difficulties which may arise in an area which may not be present in the area of origin, (2) consideration of the state law which must govern the case, and (3) people who are concerned by the proceeding; and (C) promptness in raising the plea of forum non conveniens.

2. Vᴇɴᴜᴇ — Fᴏʀᴜᴍ Nᴏɴ Cᴏɴᴠᴇɴɪᴇɴs.

   A Michigan court, in ruling on a motion to decline jurisdiction, may decline jurisdiction on the basis of forum non conveniens even where one of the litigants is a resident of the State of Michigan.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Foster, Meadows & Ballard, P.C.* (by *Robert H. Fortunate*), for Kubota Tractor, Ltd.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse* and *Ryan A. Husaynu*), for Ford Motor Company.

Before: Wᴀʜʟs, P.J., and Sᴜʟʟɪᴠᴀɴ and F. D. Bᴀʟᴋᴡɪʟʟ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendants appeal by leave granted from a circuit court order denying their

---

* Circuit judge, sitting on the Court of Appeals by assignment.

motion for an order declining jurisdiction. We reverse and remand.

This case arose out of a tractor accident which occurred in Kane County, Illinois. Decedent Kenneth McLarty was operating a tractor manufactured by defendant Kubota Tractor, Ltd., a foreign corporation. The tractor blade was sold by defendant Ford Motor Company. Ford's principal place of business is Michigan. Plaintiff, an Illinois resident, alleges that due to a defective design the tractor tipped over and fell on decedent, causing his death.

Plaintiff and her deceased husband had bought the tractor in Virginia while they were residents of Michigan. When plaintiff and decedent moved to Illinois, they took the tractor with them. The accident occurred in Illinois on property owned by plaintiff and decedent. The summons showed plaintiff to be an Illinois resident. Notwithstanding this nexus to Illinois, plaintiff filed suit in Wayne County, Michigan. Defendants filed a motion in the trial court asking it to decline jurisdiction. The trial court denied the motion. Plaintiff also moved to amend the caption to include a Michigan resident. The trial court denied the motion to amend pending the outcome of this appeal. Defendants now appeal by leave granted. We reverse and remand.

We find that the trial court abused its discretion when it denied defendants' motion to decline jurisdiction. The trial court erroneously relied on *Witbeck v Bill Cody's Ranch Inn,* 147 Mich App 587; 383 NW2d 253 (1985); rev'd on other grounds, 428 Mich 659; 411 NW2d 439 (1987), and *Duyck v International Playtex, Inc,* 144 Mich App 595; 375 NW2d 769 (1985). In *Witbeck,* plaintiff and certain key witnesses were Michigan residents. However, this is not the situation in the instant case. Here,

only defendant Ford is a Michigan resident. The trial court incorrectly found that plaintiff was a Michigan resident. There is no proof in the record, nor has plaintiff provided any on appeal, that plaintiff has moved from Illinois. Plaintiff argues that she has "close ties" with Michigan and has "always considered Michigan her home." Unfortunately for plaintiff, her emotional ties with Michigan do not transform her from an Illinois resident into a Michigan resident.

Nor are certain key witnesses Michigan residents. On appeal, defendants filed an affidavit stating that the members of the Elburn, Illinois, Fire Department who responded to the scene of the accident would be unavailable without a subpoena. Since plaintiff alleges that the design of the tractor and blade caused the tip-over, these witnesses could testify as to the condition of the terrain and the position of the tractor and the decedent following the accident. Plaintiff did not counter defendants' affidavit with proof that the witnesses would be available. Plaintiff merely alleged that plaintiff intended to call certain key witnesses in Michigan but failed to specifically name them or describe their importance to this case.

In denying defendant's motion, the trial court also quoted a passage from *Duyck* which states that forum non conveniens is not applicable if any of the parties is a Michigan resident. *Duyck, supra* at 602-603. However, *Duyck* is distinguishable from the instant case. The *Duyck* Court was reviewing a motion for change of venue, not a motion to decline jurisdiction, and while the two motions are analogous, they are not synonymous. *Id.* at 602. Therefore, the fact that one of the parties is a Michigan resident does not preclude the application of forum non conveniens. See *Ro-*

*bey v Ford Motor Co,* 155 Mich App 643, 646; 400 NW2d 610 (1986).

Defendants' concern that they will be unable to fully defend this case at trial prompted them to request the trial court to decline jurisdiction under the doctrine of forum non conveniens. In *Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973), our Supreme Court set forth the factors to be considered in deciding such a motion:

> 1. The private interest of the litigant.
> a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;
> b. Ease of access to sources of proof;
> c. Distance from the situs of the accident or incident which gave rise to the litigation;
> d. Enforcibility [sic] of any judgment obtained;
> e. Possible harassment of either party;
> f. Other practical problems which contribute to the ease, expense and expedition of the trial;
> g. Possibility of viewing the premises.
> 2. Matters of public interest.
> a. Administrative difficulties which may arise in an area which may not be present in the area of origin;
> b. Consideration of the state law which must govern the case;
> c. People who are concerned by the proceedings.
> 3. Reasonable promptness in raising the plea of *forum non conveniens.* [*Cray, supra* at 396.]

Based on the trial court's erroneous finding that the plaintiff was a Michigan resident, it did not consider each of the factors enunciated in *Cray.* Therefore, we reverse the decision of the trial court and remand for an evidentiary hearing. At the hearing the trial court shall determine the issue of forum non conveniens by applying each of

the *Cray* factors. The trial court should note this Court's decision in *Hamann v American Motors Corp,* 131 Mich App 605; 345 NW2d 699 (1983), in deciding the issue. Further, we believe plaintiff's renaming of the personal representative in her petition with the Wayne County Probate Court is an obvious attempt to create a Michigan plaintiff.

Reversed and remanded for a hearing consistent with this opinion. We do not retain jurisdiction.