MANFREDI v JOHNSON CONTROLS, INC

Docket No. 117260. Submitted March 5, 1992, at Lansing. Decided
April 14, 1992; approved for publication June 10, 1992, at 9:05
A.M.

John Manfredi brought a products liability action in the Washtenaw Circuit Court against Johnson Controls, Inc., seeking
damages for injuries sustained at an Atlanta, Georgia, dairy
while operating a machine allegedly negligently designed and
manufactured in Michigan by the defendant. The court, Melinda Morris, J., entered an order dismissing the action, finding
under the doctrine of forum non conveniens that jurisdiction
with regard to the case lies with Georgia. The plaintiff appealed.

The Court of Appeals *held:*

Three factors are to be considered in rejecting or accepting
jurisdiction in cases where the doctrine of forum non conveniens has been raised: the private interest of the litigant, the
public interest, and the promptness with which the plea of
forum non conveniens was raised. In this case, the first factor
weighs in the plaintiff's favor in his choice of forums. The
second factor is neutral, but was analyzed incompletely because
the disputed question regarding which state law is to govern
the case was not decided. The third factor weighs slightly in
the plaintiff's favor. The trial court's decision to dismiss the
case was an abuse of discretion. On remand, the trial court
must conduct an evidentiary hearing to determine whether
Georgia is an available forum under Georgia law. In the event
that the court determines that Georgia is an available forum,
and if the plaintiff does not agree to a voluntary dismissal, the
court again must embark upon an analysis of the doctrine of
forum non conveniens.

Reversed and remanded.

1. COURTS — JURISDICTION — FORUM NON CONVENIENS — PRIVATE
INTERESTS — PUBLIC INTERESTS — WITNESSES — PROOF —
JUDGMENT.

The factors to be considered in rejecting or accepting jurisdiction

REFERENCES

Am Jur 2d, Courts §§ 172 *et seq.*
See the Index to Annotations under Forum Non Conveniens.

in cases where the doctrine of forum non conveniens has been raised include: matters of private interest of the litigant, i.e., the availability of compulsory process for the attendance of unwilling and the cost of obtaining attendance of willing witnesses, the ease of access to sources of proof, the distance from the situs of the accident or incident that gave rise to the litigation, the enforceability of any judgment obtained, the possible harassment of either party, other practical problems that contribute to the ease, expense, and expedition of the trial, and the possibility of viewing the premises; matters of public interest, i.e., administrative difficulties that may arise in an area that may not be present in the area of origin, consideration of the state law that must govern the case, and people who are concerned by the proceeding; and whether the plea of forum non conveniens was raised with reasonable promptness.

2. COURTS — JURISDICTION — FORUM NON CONVENIENS.

When a party requests that the court decline jurisdiction on the basis of the doctrine of forum non conveniens, a trial court must consider whether the forum is convenient and whether there is a more appropriate forum available; if there is not a more appropriate forum elsewhere, the inquiry ends and the court may not resist imposition of jurisdiction; if there is a more appropriate forum, the court still may not decline jurisdiction unless its own forum is seriously inconvenient.

3. MOTIONS AND ORDERS — FORUM NON CONVENIENS — TIMELINESS.

A motion for dismissal based on the doctrine of forum non conveniens is untimely if filed after the defendant's answer; timeliness, however, is merely one factor to be considered by the trial court.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Sheri B. Cataldo* and *Michelle A. Thomas*), for the plaintiff.

Before: MARILYN KELLY, P.J., and McDONALD and G. S. ALLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right an order of dismissal, challenging the trial court's ruling that, under the doctrine of forum non con-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

veniens, jurisdiction in this products liability case lies with Georgia rather than Michigan. We reverse and remand.

Plaintiff claims that he was injured on September 15, 1986, while working at an Atlanta, Georgia, dairy, when he placed his hand and arm into a Unilog blow mold machine, a machine that apparently makes plastic jugs or bottles, during the trimmer cycle. On September 14, 1988, plaintiff filed a complaint, raising claims of negligent design and manufacture of the blow mold machine.[1]

Defendant answered on November 3, 1988, and five days later on November 8, 1988, moved to dismiss the complaint on the basis of the doctrine of forum non conveniens. The motion was heard on February 1, 1989, and an order dismissing the action on that ground was entered on February 22, 1989. No transcript of that hearing was forwarded for review. The only transcript available is that of plaintiff's unsuccessful motion for rehearing, heard on March 29, 1989. According to the parties' "Stipulation Regarding Record on Appeal" filed in this Court on September 4, 1990, the March 1989 transcript comprises the sole transcribed proceeding for our consideration.

On appeal, plaintiff contends that the trial court abused its discretion in dismissing the suit on grounds of forum non conveniens because Michigan is the only forum available to plaintiff, and that Michigan is not a seriously inconvenient forum in any event.

The principle of forum non conveniens establishes the right of a court to resist imposition upon its jurisdiction although such jurisdiction could properly be invoked. It presupposes that there are

[1] Plaintiff also named the dairy as a tort defendant. However, the trial court dismissed the action against the dairy for lack of jurisdiction on January 24, 1990. The dairy is not a party to this appeal.

at least two possible choices of forum. The doctrine applies in Michigan, and its application lies within the discretion of the trial court. *Cray v General Motors Corp,* 389 Mich 382, 395; 207 NW2d 393 (1973). According to *Cray,*

> [a] balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in such cases should include:
> 1. The private interest of the litigant.
> a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;
> b. Ease of access to sources of proof;
> c. Distance from the situs of the accident or incident which gave rise to the litigation;
> d. [Enforceability] of any judgment obtained;
> e. Possible harassment of either party;
> f. Other practical problems which contribute to the ease, expense and expedition of the trial;
> g. Possibility of viewing the premises.
> 2. Matters of public interest.
> a. Administrative difficulties which may arise in an area which may not be present in the area of origin;
> b. Consideration of the state law which must govern the case;
> c. People who are concerned by the proceeding.
> 3. Reasonable promptness in raising the plea of *forum non conveniens.*
> The courts are charged to consider the plaintiff's choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state. [*Id.,* 395-396.]

Each of the four cases consolidated for decision in *Cray* involved an incident that occurred in another state. The plaintiffs and witnesses to the incident in each case were nonresidents of Michigan, and

none of the witnesses were subject to Michigan's subpoena power. General Motors, the defendant in each of the cases, had its principal place of business in Detroit. The plaintiffs contended that considerable discovery would be necessary in Michigan with respect to materials and experts because negligent acts allegedly occurred in Michigan, and the *Cray* Court held that the retention of jurisdiction of the various cases in Michigan did not constitute an abuse of discretion.

A plaintiff's selection of a forum is ordinarily accorded deference. *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 628-629; 309 NW2d 539 (1981); *Holme v Jason's Lounge,* 168 Mich App 132, 135; 423 NW2d 585 (1988).

In arguing that Georgia is the more convenient forum, defendant stated that, although it owns and operates a manufacturing facility in Washtenaw County, it is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin; that plaintiff's employer (a temporary employment placement company) as well as the (then) codefendant in whose dairy plaintiff claimed to have been injured were both located in Atlanta, Georgia; and that plaintiff, a resident of Atlanta, received any medical care and treatment there. The gist of defendant's argument below was that plaintiff is trying to avoid the application of Georgia law by forum shopping, and that the exercise of Michigan jurisdiction would hamper discovery, place most of the witnesses beyond the subpoena power of the trial court, and drive up the cost of defending the action.[2]

Plaintiff, on the other hand, argued that al-

---

[2] Defendant did not file a brief on appeal. Because we do not have the benefit of the transcript of the hearing regarding defendant's motion to dismiss, explanation of defendant's position is taken from its pleadings.

though the injury occurred in Georgia, the negligence giving rise to this suit, i.e., the negligent design and manufacture of the machine, occurred at defendant's Michigan plant, and that obtaining the witnesses pertaining to the pleaded negligence at the plant would be easier and less expensive in Michigan.

We cannot know how the trial court analyzed this case under the *Cray* factors, assuming it engaged in such an analysis, because we do not have the pertinent transcript.[3] Our perusal of the one transcript available, i.e., the March 29, 1989, reconsideration motion transcript, avails us nothing in this regard beyond the discovery that the trial court had not yet determined the conflict-of-law issue that falls under the second *Cray* factor. Moreover, at the hearing regarding plaintiff's motion for reconsideration, counsel for plaintiff said he had discovered that Georgia law includes a ten-year statute of repose that prevents recovery where the product in question was manufactured more than ten years before the incident. Therefore, plaintiff argued, because the blow mold machine was seventeen years old, plaintiff was without a forum other than Michigan. Defense counsel agreed that the Georgia statute of repose existed, but claimed an inability to determine from its own records the age of the blow mold machine. Ultimately, the trial court denied plaintiff's motion for reconsideration on the ground that plaintiff had merely averred, but not shown, that he was without a forum in Georgia. The court indicated that if plaintiff filed suit in Georgia within the limitation period and found his remedies completely excluded by the statute of repose, he could "renew this

---

[3] The order of dismissal is not specific and no written opinion appears in the record.

motion at a later time for the Court's considera-
tion."

In this case, plaintiff's interest in Michigan as
his chosen forum (the first *Cray* factor) is not
extreme, but is nevertheless compelling. Any Geor-
gia witnesses will not be subject to Michigan pro-
cess.[4] This fact alone does not make Michigan an
inconvenient forum. *Cray, supra.* Plaintiff's claims
of negligent manufacture and design concern wit-
nesses alleged to be located in Michigan at defen-
dant's manufacturing facility (a matter not specifi-
cally denied by defendant). Sources of proof of
such negligence may logically be found in Michi-
gan, and access to those sources may be corre-
spondingly easy. Although Michigan is clearly a
great distance from the situs of the incident in
which plaintiff claims injury, it is nevertheless a
great deal closer to the situs of another incident,
i.e., the manufacture or design of the machine,
that gives rise to the litigation. The possibility of
viewing the dairy premises where plaintiff alleges
his injury occurred is remote. Enforceability of any
judgment obtained against defendant does not pose
great difficulty in view of defendant's status in this
state. On the basis of the record presented, we
conclude that plaintiff's interest in pursuing this
case in Michigan is relatively great.

The weight of public interest (the second *Cray*
factor) appears to be evenly balanced. Although
administrative difficulties may well arise, the dis-
puted question regarding which state law shall
govern the case has never been decided. We do not
see how a proper balancing of the *Cray* factors
may be accomplished in this case without that
question being answered, particularly in light of
the fact that plaintiff has apparently agreed to a

[4] See MCR 2.506(G)(1); *Holme v Jason's Lounge,* 168 Mich App 132,
135; 423 NW2d 585 (1988).

voluntary dismissal in the event that Georgia law applies. And with regard to the people concerned by these proceedings, it appears to us that the citizenry of Michigan has as much interest in the safe design and manufacture of machinery in this state as does the citizenry of Georgia.

With regard to the third *Cray* factor, plaintiff claims that defendant did not act with reasonable promptness in raising its plea of forum non conveniens. We agree that defendant's motion for dismissal based on the doctrine of forum non conveniens was untimely because it was filed after defendant answered. *Dayton Mall Motor Inn v Honeywell, Inc,* 132 Mich App 174, 180; 347 NW2d 15 (1984). However, timeliness is merely one factor to be considered by the trial court.[5] In our consideration of this case, lack of timeliness must weigh against defendant under *Cray.*

In summary, the first *Cray* factor weighs in plaintiff's favor in his choice of forums, the second factor is neutral, but was incompletely analyzed, and the third weighs slightly in plaintiff's favor (i.e., weighs against defendant). In view of the limited record presented, we conclude that the trial court's decision to dismiss this case was therefore an abuse of discretion under *Cray.*[6]

Moreover, we believe that reconsideration was improperly denied in this case. Plaintiff asserted for the first time in his motion for reconsideration

---

[5] Again, we have no way of knowing whether this factor was considered by the trial court because we do not have the pertinent transcript before us.

[6] The cases most factually similar to this case are *Cray,* discussed *supra,* and *Jemaa v MacGregor Athletic Products,* 151 Mich App 273, 275, 280; 390 NW2d 180 (1986). *Jemaa* is distinguishable because the portion of the defendant's business conducted in Michigan was not connected to the design or manufacture of the football helmets that the plaintiff claimed had been negligently designed or manufactured. Thus, this Court affirmed the trial court's finding of forum non conveniens.

that he had no remedies in Georgia because of Georgia's ten-year statute of repose and the fact that the machine in question was seventeen years old. It is not the age of the machine that is at issue under the statute of repose, but rather the date the machine was first sold. Counsel for defendant contended that plaintiff was not deprived of remedies in Georgia, while in the same breath claiming that, despite being in possession of the records pertaining to the machine in question, he could not say whether the machine was within the purview of the statute. Essentially, plaintiff claimed (as he does on appeal) that a forum non conveniens analysis was irrelevant in this case because Georgia was not a viable alternate forum, and defendant disagreed without giving any specific basis for its disagreement. In this manner, a critical issue was avoided by both defendant and the trial court:

> When a party requests that a court decline jurisdiction based on the doctrine of forum non conveniens, there are two inquiries for the court to make: whether the forum is inconvenient and whether there is a more appropriate forum available. If there is not a more appropriate forum elsewhere, the inquiry ends and the court may not resist imposition of jurisdiction. If there is a more appropriate forum, the court still may not decline jurisdiction unless its own forum is seriously inconvenient. [*Robey v Ford Motor Co,* 155 Mich App 643, 645; 400 NW2d 610 (1986).]

We reiterate that the doctrine of forum non conveniens presupposes that there are at least two possible choices of forum. *Cray,* 395. In this case, the trial court did not determine whether any other forum, let alone a forum more appropriate than Michigan, existed. Instead, its decision re-

quired plaintiff to file suit in Georgia and allow a Georgia court to make that determination. We therefore reverse the order of dismissal and remand this matter to the trial court for an evidentiary hearing with regard to whether Georgia is an available forum under Georgia law.[7] In the event the trial court determines that Georgia is an available forum and plaintiff does not in fact agree to a voluntary dismissal, a forum non conveniens analysis shall again be embarked upon. *McLarty v Kubota Tractor, Ltd,* 173 Mich App 82, 86-87; 433 NW2d 344 (1988).

Reversed and remanded. We do not retain jurisdiction.

---

[7] Consideration of this threshold issue should include the question whether the applicable Georgia limitation period bars suit in that state or whether defendant will stipulate the tolling of the Georgia statute of limitations. See, e.g., *Dayton Mall, supra,* 177. As best we can determine from the limited record, the statute of limitations issue was raised for the first time on appeal.